J-A04012-17

2017 PA Super 84

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| NATHAN ROBERT SAUERS, | |
| Appellant | No. 3123 EDA 2015 |

Appeal from the Judgment of Sentence June 16, 2015
In the Court of Common Pleas of Monroe County
Criminal Division at No(s): CP-45-CR-0002645-2013

BEFORE:  SHOGAN, SOLANO, and PLATT,[*] JJ.

OPINION BY SHOGAN, J.:                    Filed March 29, 2017

Nathan Robert Sauers ("Appellant") appeals from the judgment of sentence entered on June 16, 2015, in the Monroe County Court of Common Pleas.  We affirm the convictions, vacate in part the judgment of sentence, and remand for re-sentencing.

On August 4, 2013, Monroe County Detective Brian Webbe was using a proprietary police version of the Ares peer-to-peer file-sharing network[1]

---

[*]  Retired Senior Judge assigned to the Superior Court.

[1]  "The internet-based, peer-to-peer program in this case, Ares, is available online as a free, downloadable program enabling a user to place files in and retrieve and download files from a shared folder accessible to other Ares users."  **Commonwealth v. Colon-Plaza**, 136 A.3d 521, 524 n.4 (Pa. Super. 2016).

known as Ares Round-up Software ("software") to investigate on-line child pornography. During his search, Detective Webbe identified a computer with an IP address of 50.29.128.171 and a username of "FromK9to5" as containing downloaded child pornography. The detective downloaded ten files from the suspect computer. Armed with a court order, Detective Webbe identified Appellant as the owner of the IP address and username. Upon execution of a search warrant at Appellant's home, Detective Webbe found Appellant's Dell laptop computer. Because no child pornography was immediately discovered on the computer, Detective Webbe used forensic software to examine the computer. He found files indicating that Appellant's computer had recently downloaded the Ares program and that the program had been used to view, download, and share child pornography.

Appellant was charged with ten counts of possession of child pornography, ten counts of dissemination of child pornography, and one count of criminal use of a communications facility.[2] Following a more in-depth examination of Appellant's computer, Detective Webbe found an additional eighty-seven files containing child pornography in the unallocated space of Appellant's computer. Consequently, Appellant was charged under a separate docket with eighty-seven counts of possession of child pornography. The cases were joined for trial.

---

[2] 18 Pa.C.S. § 6312(c), (d), and § 7512, respectively.

A jury convicted Appellant on all eleven counts on the first docket, and it acquitted him of the eighty-seven counts on the second docket. The trial court sentenced Appellant to incarceration for an aggregate term of sixty to 120 months. Additionally, the trial court designated Appellant as a Tier III sexual offender and directed his compliance with the lifetime reporting requirements of the Sexual Offender Registration and Notification Act ("SORNA"), 42 Pa.C.S. §§ 9799.10–9799.41. Appellant filed post-sentence motions, which the trial court denied. Appellant filed a timely appeal. He and the trial court complied with Pa.R.A.P. 1925.

On appeal, Appellant raises the following questions for our review:[3]

1. Whether the trial court abused its discretion when it admitted into evidence video evidence of child pornography and photographic evidence of child pornography without first viewing the entire content prior to publishing same to the jury thereby inflaming the passions of the jury, and thus, denying [A]ppellant a fair trial.

2. Whether the failure of the Commonwealth to provide and/or allow forensic evaluation of their "Modified Ares – Round-up["] Software denied [A]ppellant a fair trial under Article I Section 9 of the Pennsylvania Constitution, and the 6th and 14th Amendment[s] of the United States Constitution,

---

[3] Appellant's Pa.R.A.P. 1925(b) statement filled five pages and consisted of eighteen paragraphs, several of which had multiple subparts. The trial court deemed most of the issues waived on the basis of the statement's imprecision and vagueness, and the remaining issues meritless. Trial Court Opinion, 1/19/16, at 10, 11. Additionally, Appellant's brief fails to include a copy of the trial court's opinion or a Rule 1925(b) statement of errors, as required under Pa.R.A.P. 2111(a)(10) and (11). Although we do not condone these defects, they do not prevent effective appellate review in this case; therefore, we will address Appellant's issues.

AND

Whether the Commonwealth's claim that the "Modified Ares – Round-up["] Software is proprietary, and thus not subject to distribution or review by outside computer forensic experts denied [Appellant] a fair trial by preventing [Appellant] from confronting the evidence against himself at trial under the Pennsylvania Constitution, Article 1 Section 9, and the "confrontation clause" of [the] 6th Amendment of the United States Constitution.

3. Whether the evidence was sufficient to support the verdict that [Appellant] actually possessed and/or disseminated child pornography.

4. Whether the trial court's jury instructions regarding the definition of possession which included the trial court judge's own instruction ignored other jurisdictions definitions of possession, and denied [Appellant] a fair trial under both Article I Section 9 of the Pennsylvania Constitution and the 6th Amendment of the United States Constitution.

5. Does a trial court deny a defendant a fair trial under Article I Section 9 of the Pennsylvania Constitution, Sixth Amendment, and the Fourteenth Amendment of the United States Constitution where it denies individual voir dire in a child pornography case where: the social prejudices associated with child pornography in a public forum voir dire denies a defendant the ability in vetting individual jurors regarding social, religious and personal prejudices on the subject of child pornography?

6. Whether the sentencing court abused its discretion where it made repeated references during sentencing, trial, and pretrial to the fact that [Appellant] made the trial court and the jurors see the child pornography during his trial, and thus, subjected the jury to being victims themselves.

7. Whether the sentencing court abused its discretion wherein the record demonstrates repeatedly that the sentencing court punished [Appellant] for taking his case to trial.

8. Whether the trial court abused its discretion where it used a far more egregious case as its reasons and justifications for imposing the sentence it did upon [Appellant].

9. Whether the sentencing court abused its discretion where it imposed incarceration upon [Appellant] (a first time offender[)] where the very case the sentencing court used to justify its sentence was a case involving a recidivist offender.

Appellant's Brief at 7–8 (renumbered).

Appellant first challenges the admission of the Commonwealth's photographic and video evidence of child pornography. With regard to the admission of evidence:

we give the trial court broad discretion, and we will only reverse a trial court's decision to admit or deny evidence on a showing that the trial court clearly abused its discretion. An abuse of discretion is not merely an error in judgment, but an overriding misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence or the record.

**Commonwealth v. Flamer**, 53 A.3d 82, 86 (Pa. Super. 2012) (citations and quotation marks omitted). The trial court will be reversed only if an error in the admission of evidence contributed to the verdict. **Commonwealth v. Konias**, 136 A.3d 1014, 1022 (Pa. Super. 2016), *appeal denied*, 145 A.3d 724 (Pa. 2016).

Admissibility depends on relevance and probative value. Evidence is relevant if it logically tends to establish a material fact in the case, tends to make a fact at issue more or less probable, or supports a reasonable inference or presumption regarding a material fact. Once evidence is found to be relevant, it will be inadmissible only if its probative value is substantially outweighed by the danger of unfair prejudice or confusion.

***Commonwealth v. Lilliock***, 740 A.2d 237, 244 (Pa. Super. 1999) (quotation marks and citations omitted); Pa.R.E. 403.

Appellant claims the trial court erred as "gate-keeper" when, prior to publishing the materials to the jury, the trial court viewed three still images and four videos that the Commonwealth intended to introduce but then allowed the Commonwealth to admit all of the videos, and, thereby "exposed the jury to hig[h]ly prejudicial and inflame[m]atory evidence without viewing [it] prior to showing it to the jury." Appellant's Brief at 11 (citing N.T., 3/3/15, at 76–88, 184–202; ***United States v. Cunningham***, 694 F.3d 372 (3rd Cir. 2012)). Additionally, Appellant argues, admission of ninety-seven images and videos, when Appellant was willing to stipulate to their content, was prejudicial, cumulative, and not harmless error. ***Id.*** at 10, 12, 13.

In response, the Commonwealth explains, "[I]n an effort to minimize any potential prejudicial effect, the Commonwealth sought to introduce only a sample of the [challenged] evidence and not the entire 'collection.'" Commonwealth's Brief at 9. Moreover, although it was not required to do so, the Commonwealth would have agreed to Appellant's stipulation that the remaining images constituted child pornography, but Appellant refused to stipulate. Consequently, the Commonwealth considered it necessary to show all of the images to sustain its burden. ***Id.***; N.T., 3/3/15, at 12, 74.

The trial court addressed this issue on the pretrial record as follows:

> You can't just say I object to all [of] the Commonwealth's evidence that it may or may not put in and have a judge make a

peremptory ruling. What you can do is to say that if –– which is what both of you said this morning –– is that within that evidence there are some individual depictions, some individual videos that you believe that under no circumstance should come into this case and if you want to identify them and have me rule on them now I will; but I'm not going to rule on in the abstract what the Commonwealth may or may not put into evidence.

* * *

If I took your argument to its logical conclusion then in every criminal case the [c]ourt should have a pre-hearing conference, ask the Commonwealth to trot out it's [sic] evidence, lay it out on the table, play it on a TV screen, get a tape recorder out here and play the audios, either get people to come in and give their testimony or provide a summary on it and then decide ahead of time what's admissible and what's not admissible.

I understand that that's the logical full conclusion to what you're arguing. I understand that the [c]ourt ultimately has to be the arbiter of what's fair or not; but the [c]ourt just doesn't go out and do things otherwise we don't need a defense and the Commonwealth[;] we just look at the evidence ourselves and decide it.

* * *

This is sort of classic child pornography, and so in a child pornography case showing those seven, three of which were photos, none of which are unduly long, all of which are disturbing, doesn't to me convert this into something that's prejudicial to the point where the prejudicial outweighs the probative value.

N.T., 3/3/15, at 61, 70, 85. Upon review of the record, we agree with the trial court and conclude that Appellant's first issue lacks merit.[4]

_____

[4] "To the extent our legal reasoning differs from the trial court's, we note that as an appellate court, we may affirm on any legal basis supported by
*(Footnote Continued Next Page)*

The Commonwealth sought to sustain its burden of proof by introducing the videos and photographs of child pornography recovered from Appellant's computer. N.T., 3/3/15, at 83. Appellant did not file a pretrial request to exclude specific videos or photographs. *Id.* at 23–25, 60, 67–68, 71, 73. Rather, on the eve of trial, Appellant sought to preclude the introduction of the Commonwealth's entire evidentiary collection by stipulating to its content. *Id.* at 60–61. In response, the parties agreed to a sample viewing by the trial court of four videos and three photographs ("sample evidence"). *Id.* at 65–81, Exhibit 9. Appellant then objected to the sample evidence as unduly prejudicial. *Id.* at 82. Applying a "regular evidentiary prejudice vs. probative balancing analysis," the trial court ruled that it would allow the Commonwealth to present the sample evidence. *Id.* at 16–18, 85. As to the Commonwealth's remaining videos and photographs ("remaining evidence"), the trial court declined to rule on their admissibility until an issue arose at trial. *Id.* at 86.

During trial, the Commonwealth moved for admission of the sample evidence on a DVD and for admission of the remaining evidence on a thumb drive. N.T., 3/4/15, at 163–164, Exhibits 9 and 10, respectively. The trial court recognized Appellant's continuing objection to the sample evidence, and Appellant raised no objection to the remaining evidence. *Id.* at 164.

*(Footnote Continued)* ————————————

the certified record." ***Commonwealth v. Williams***, 125 A.3d 425, 433 n.8 (Pa. Super. 2015).

The Commonwealth then published the sample evidence to the jury through Detective Webbe. *Id.* at 184–189, Exhibit 9. To avoid having to publish the remaining evidence, the prosecutor specifically asked defense counsel at a side bar if Appellant would stipulate that the remaining evidence constituted child pornography. *Id.* at 190. Defense counsel responded, "We can't stipulate." *Id.* Therefore, the Commonwealth published the remaining evidence to the jury, and Appellant did not object. *Id.* at 191–199, Exhibit 10.

Based on the record before us and our deferential standard of review, we discern no error in judgment or manifestly unreasonable exercise of judgment, no overriding misapplication of the law, no bias, prejudice, ill-will, or partiality by the trial court. *Flamer*, 53 A.3d at 86. With Appellant's consent, the trial court previewed the sample evidence, applied a prejudice-versus-probative-value balancing analysis, set parameters for publication of the evidence to the jury, and enforced those parameters at trial. Trial Court Opinion, 1/19/16, at 14 n.5; N.T., 3/3/15, at 76–80; N.T., 3/4/15, at 166–169, 184–189, Exhibit 9. We approve of the trial court's procedure. *See Commonwealth v. Hicks*, 91 A.3d 47, 54 (Pa. 2014) (holding that the balancing of probative value and prejudice is generally better left for trial, but may be appropriate in some pretrial situations). Moreover, the Commonwealth was not required to shelve its entire collection by accepting a defense stipulation designed to protect Appellant from the publication of

disturbing images to the jury. *Accord Commonwealth v. Evans*, 348 A.2d 92 (Pa. 1975) (holding that the Commonwealth may use any "proper" evidence to prove its case, and does not have to accept the accused's stipulations); *Commonwealth v. Stanley*, 446 A.2d 583 (Pa. 1982) (citing *Evans*). Furthermore, the evidence was not cumulative as "each image of child pornography possessed by an individual is a separate, independent crime under Section 6312." *Commonwealth v. Jarowecki*, 985 A.2d 955, 961 n.10 (Pa. 2009) (citation and quotation marks omitted).

Additionally, as the trial court explained, any perceived error in the admission of the video and photographic evidence did not result in prejudice to Appellant:

> if allowing the Commonwealth to introduce evidence of the child pornography or our failure to view all of it first truly inflamed the passions of the jury to the point where a guilty verdict was inevitable, the opportunity for a fair trial was removed, and the jurors could not, individually or collectively, be fair and impartial, we would have expected that [Appellant] would have been convicted in both cases.[5] . . .
>
> > [5] [Appellant's] argument is premised, in part, on the fact that we did not view all of the child pornography first. However, we did review a sample before trial began, set parameters for how the Commonwealth would be permitted to show the images and videos, and enforced the parameters during trial. (N.T.H., 3/3/15, pp. 76–80); (N.T., 3/4/15, pp. 184–189). Further, despite [Appellant's] protestations to the contrary, there is no ruling requiring the [c]ourt to preview and rule pre-trial on evidence. In the context of [Appellant's] argument, the guiding evidentiary principle is that the evidence must be probative and its probative value must outweigh any prejudicial impact. As discussed in the text, the

> acquittal in the companion case demonstrates that the images and videos were not unduly prejudicial.
>
> However, [Appellant] was not convicted in both cases. His acquittal in the companion case amply demonstrates that the jurors' passions were not inflamed and that any error in ruling we may be deemed to have made did not prejudice him to the point where he was constitutionally denied a fair trial. Absent the prejudice and harm he claims, [Appellant's] assignments of error are bootless.

Trial Court Opinion, 1/19/16, at 14–15.

In sum, we conclude that the trial court did not err as gate-keeper when it previewed the sample evidence and was prepared to rule at trial on any defense objections to the remaining evidence. Thus, Appellant's challenge to the admission of the sample evidence lacks merit. As for the remaining evidence, our review of the trial transcript reveals that the defense did not offer a timely and specific objection to its admission before or during the trial. N.T., 3/4/15, at 164, 191–199, Exhibit 10. "Such failure to offer a timely and specific objection results in waiver of this claim." *Commonwealth v. Bruce*, 916 A.2d 657, 670 (Pa. Super. 2007) (citation omitted).[5]

_____

[5] Even if we were to find a challenge to the remaining evidence preserved, Appellant stipulated that the remaining evidence depicted child pornography. N.T., 3/3/15, at 8. Used for this purpose, the remaining evidence was clearly relevant and admissible to sustain the Commonwealth's burden of proof on the second set of charges. Moreover, the trial court's parameters for viewing the videos and photographs alleviated any concerns about the remaining evidence entering "the realm of being overly prejudicial." N.T., 3/3/15, at 86; N.T., 3/4/15, 166–169, 191–199. Additionally, Appellant was

*(Footnote Continued Next Page)*

A final aspect of Appellant's first issue concerns his reliance on *Cunningham*, 694 F.3d 372, for the proposition that the trial court was required to review all of the Commonwealth's videos and photographs before admitting them into evidence. In *Cunningham*, the Court of Appeals overturned the district judge's decision to admit challenged evidence of pornography based only on his reading of the written descriptions of the video excerpts and not on his personal viewing of them. *Id.* at 383.

Appellant's reliance on *Cunningham* is unavailing. "Absent a United States Supreme Court pronouncement, decisions of federal courts are not binding on state courts[.]" *Commonwealth v. Walker*, 139 A.3d 225, 230–231 (Pa. Super. 2016), *appeal denied*, 257 EAL 2016 (Pa. Oct. 13, 2016) (quoting *Commonwealth v. Lambert*, 765 A.2d 306, 315 n.4 (Pa. Super. 2000) (citation omitted)). Moreover, we distinguish *Cunningham* on several fronts. First, Mr. Cunningham challenged specific video excerpts and photographs in pretrial motions. *Cunningham*, 694 F.3d at 377–378. Contrarily, Appellant did not identify which specific videos or photographs he was challenging in a pretrial motion. N.T., 3/3/15, at 25. Second, the district court determined admissibility based solely on graphic written descriptions of the challenged video excerpts. *Cunningham*, 694 F.3d at

_(Footnote Continued)_ ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

acquitted of all charges based on the remaining evidence. N.T., 3/6/15, at 110. Therefore, there exists no merit to this challenge, even if it were properly preserved.

380. This component is not present in the case at hand. Third, the district court did not review any of the challenged video excerpts before admitting them over objection. *Id.* Here, with Appellant's approval, the trial court viewed the sample evidence proffered by the Commonwealth at a pretrial hearing. N.T., 3/3/15, at 75–78. Fourth, the district court admitted all of the challenged video excerpts despite the probative value of some of them being outweighed by their prejudicial effect. *Cunningham*, 694 F.3d at 389–390. Here, applying a balancing test and strict parameters, the trial court admitted the sample evidence, which it found more probative than prejudicial, and the remaining evidence, to which Appellant did not object. N.T., 3/4/15, at 164, 166–169. *Cunningham* is inapposite.

In his second issue, Appellant presents a constitutional challenge to the Commonwealth's software. Our rules of criminal procedure provide that the Commonwealth is not required to produce discovery that is neither inculpatory nor exculpatory; nor is it required to produce its investigatory methods. Pa.R.Crim.P. 573(B)(1). Additionally, issues not raised in the trial court are waived and cannot be raised for the first time on appeal. Pa.R.A.P. 302(a).

Appellant complains that he was denied his right to confront the evidence against him under the United States and Pennsylvania Constitutions because the Commonwealth refused to allow an evaluation of the software by Appellant's forensic expert. Appellant's Brief at 15–22. In

response, the Commonwealth argues that Appellant has waived this issue by failing to preserve it in the trial court.  Commonwealth's Brief at 15.

The record reveals that Appellant requested discovery of the software at the direction of his forensic computer expert, Dr. Rebecca Mercuri. Motion to Compel, 7/1/14, at ¶¶ 9, 10, Exhibit B.  Because the Commonwealth refused to deliver the software, claiming that it was a proprietary investigative tool, the trial court conducted two omnibus hearings, accepted briefs, and entered an order requiring the Commonwealth to disclose the name and version of the software.  N.T., 7/16/14; N.T., 9/29/14; Order, 7/18/14.  By the start of a third omnibus hearing, the software discovery issue appeared to have been settled because the Commonwealth provided the name and version of the software.  N.T., 1/12/15, at 5–6.  Nonetheless, Appellant again challenged the Commonwealth's refusal to deliver the software and, for the first time, raised the Sixth Amendment confrontation clause.  N.T., 1/12/15, at 43. The trial court rejected Appellant's discovery argument, stating "[I]t's not an open issue[.]"  *Id.* at 45.  Appellant next raised the confrontation clause in his Brief in Support of Post Sentence Motion.  Brief in Support of Post Sentence Motion, 9/9/15, at 7.  At the post-sentence motion hearing, the trial court addressed this issue as follows:

> Next, is the Confrontation Clause. [Appellant] has challenged –– has requested that he actually be able to inspect and review the Commonwealth's software from the beginning of this case.

- 14 -

I ruled on that matter several times and stated my reasons already. Now, the defense has –– now, the defense has taken a different tact, and has indicated that the Commonwealth's refusal to allow him to do so and my ruling somehow violated [Appellant's] Confrontation Rights.

I don't find any legal support for that argument. I also believe that the Commonwealth has crept [sic] that that particular argument wasn't raised or preserved in any earlier –– in a prior stage in this case, and is mentioned in the brief but not in the post-sentence motion of [Appellant].

Finally, I will point out that while [Appellant] is talking about the Confrontation Rights, which, of course, requires a meaningful opportunity to confront those who present evidence against you, the record amply demonstrates that substantial discovery was provided to [Appellant]; that the defense expert was here for more than a day; and that she spent time with Detective Webb[e]; that she spent time with the hardware; that she knew about the software; that many, many documents and lots of information about this were provided to the defense ahead of time; that the expert had a sufficient basis and a substantial basis on which to testify –– the defense expert that is –– and that Detective Webb[e] was vigorously cross-examined by counsel for [Appellant].

So, to the extent that the Confrontation Clause argument has legs, I don't think they have any merit.

N.T., 9/21/15, at 25–27. Finally, Appellant raised the confrontation clause issue in his statement of errors. Pa.R.A.P. 1925(b) Statement, 11/3/15, at ¶¶ 1, 2.

Upon review of the certified record, we conclude that this issue is waived because Appellant did not properly preserve it in the trial court. This failure is not cured by submitting the challenge in a Rule 1925(b) statement. *Accord Commonwealth v. Watson*, 835 A.2d 786, 791 (Pa. Super. 2003)

- 15 -

(holding that guilty plea issue was waived where appellant did not raise it in the trial court before raising it in his Rule 1925(b) statement).[6]

Appellant's third issue challenges the sufficiency of the evidence that he possessed and disseminated child pornography. Appellant's Brief at 22. We employ a well-settled standard of review for sufficiency claims:

> The standard we apply in reviewing the sufficiency of evidence is whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for that of the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Colon-Plaza*, 136 A.3d 521, 525–526 (Pa. Super. 2016) (quoting *Commonwealth v. Robertson–Dewar*, 829 A.2d 1207, 1211 (Pa. Super. 2003)).

---

[6] Even if this issue were not waived, we would affirm the trial court's conclusion on the basis of its post-sentence remarks and its well-reasoned opinion to this Court. N.T., 9/21/15, at 25–27; Trial Court Opinion, 1/19/16, at 22–25.

A person is guilty of sexual abuse of children, dissemination of photographs, videotapes, computer depictions, and films, if he "knowingly… possesses for the purpose of sale, distribution, delivery, dissemination, transfer, display or exhibition to others, any…computer depiction…depicting a child under the age of [eighteen] years engaging in a prohibited sexual act or in the simulation of such act…."  18 Pa.C.S. § 6312(c).  Similarly, "[a]ny person who intentionally views or knowingly possesses or controls any … computer depiction … depicting a child under the age of [eighteen] years engaging in a prohibited sexual act or in the simulation of such act commits" sexual abuse of children, child pornography. 18 Pa.C.S. § 6312(d).

The crux of Appellant's argument is that the Commonwealth proffered partial downloads from his Dell laptop which were insufficient to sustain the convictions of possession and dissemination.  Appellant's Brief at 22–27.  Notably, Appellant offers no binding, legal authority that the Commonwealth's evidence was insufficient to support his convictions under 18 Pa.C.S. § 6312(c), (d).  Specifically, Appellant cites to the Third Circuit Court of Appeals' decision in **United States v. Husmann**, 765 F.3d 169 (3d Cir. 2014), and the Ninth Circuit Court of Appeals' decision in **United States v. Flyer**, 633 F.3d 911 (9th Cir. 2011).  Appellant's reliance on **Husmann** and **Flyer** are unavailing.  Again, absent a pronouncement by United States Supreme Court, decisions of federal courts are not binding on state courts.

*Walker*, 139 A.3d at 230–231. Moreover, *Husmann* and *Flyer* are distinguishable.

In *Husmann*, the Court of Appeals concluded that the mere act of placing child pornography materials in a shared computer folder, available to other users of a file sharing network, does not constitute distribution of child pornography. The Court of Appeals based its ruling on the fact that the government did not present evidence that any person had actually downloaded or obtained the materials that Husmann made available in his shared computer folder. *Husmann*, 765 F.3d at 176. In contrast, here the Commonwealth presented evidence that Detective Webbe actually downloaded and obtained materials, including five complete files, from Appellant's computer that were available to other users of the Ares file-sharing network. N.T., 3/4/15, at 82–97.

In *Flyer*, the government recovered files from the unallocated space of Flyer's Gateway computer hard drive. The government conceded, however, that it presented no evidence that Flyer knew of the presence of the files on the unallocated space or that Flyer had the forensic software required to see or access the files. Because there was no evidence that Flyer had accessed, enlarged, or manipulated any of the charged images, and he made no admission that he had viewed the charged images on or near the time alleged in the indictment, the Court of Appeals overturned Flyer's conviction for possession of child pornography. *Flyer*, 633 F.3d at 919. In contrast,

Detective Webbe testified that Appellant had accessed the images recovered from the unallocated space of his computer and then deleted them; nevertheless, the jury acquitted Appellant of the eighty-seven charges based on those images. N.T., 3/4/15, at 100–105; N.T., 3/6/15/ at 110.

Our review of the record confirms the trial court's finding that Detective Webbe's testimony, along with the video and photographic evidence, was sufficient to prove that Appellant possessed and distributed the child pornography through the use of his computer. Trial Court Opinion, 1/19/16, at 33–34. Thus, Appellant's sufficiency challenge is unconvincing.

In his fourth issue, Appellant attacks the trial court's jury instruction on the definition of possession. We employ the following standard in assessing jury instructions:

> [W]hen evaluating the propriety of jury instructions, this Court will look to the instructions as a whole, and not simply isolated portions, to determine if the instructions were improper. We further note that, it is an unquestionable maxim of law in this Commonwealth that a trial court has broad discretion in phrasing its instructions, and may choose its own wording so long as the law is clearly, adequately, and accurately presented to the jury for its consideration. Only where there is an abuse of discretion or an inaccurate statement of the law is there reversible error.

*Commonwealth v. Trippett*, 932 A.2d 188, 200 (Pa. Super. 2007) (quoting *Commonwealth v. Kerrigan*, 920 A.2d 190, 198 (Pa. Super. 2007) (internal citations, quotation marks, and brackets omitted)).

According to Appellant, the trial court's definition of possession lacked the necessary "element of intent to exercise control over an item."

- 19 -

Appellant's Brief at 31. Moreover, Appellant challenges the trial court's reliance on **Commonwealth v. Diodoro**, 970 A.2d 1100 (Pa. 2009), because that case "dealt with the **viewing** of child pornography, and whether that alone, could constitute control." Appellant's Brief at 31 (emphasis in original). The Commonwealth responds that Appellant's complaint lacks merit because the trial court "has broad discretion in phrasing its instructions to the jury," and "did in fact consider and use some of the out-of-jurisdiction language proposed by the Appellant." Commonwealth's Brief at 24, n.6.

The record confirms that defense counsel proposed a jury instruction on the definition of possession from Massachusetts which included intent-to-exercise-control language. N.T., 3/6/15, at 8. Notably, Appellant cites no binding authority—and we have found none—for the proposition that "intent to exercise control" is an element of possession under 18 Pa.C.S. § 6312(d). Rather, Appellant again cites to federal case law from other jurisdictions which is not binding on this Court. Appellant's Brief at 29–31; **Walker**, 139 A.3d at 230–231.

The trial court rejected Appellant's foreign definition as too narrow because it focused on the possession of a physical object rather than on the possession and dissemination of child pornography through a computer and the internet. N.T., 3/6/15, at 11–16, 76–78. Instead, the trial court relied on **Diodoro**, in which the Pennsylvania Supreme Court:

examined the meaning of the word "control" in the context of possession or control over child pornography. 18 Pa.C.S.A. § 6312(d). The [*Diodoro*] Court found that searching for and clicking on images and videos of child pornography constituted control under the statute, regardless of the "location" of these images on the internet.

Trial Court Opinion, 1/19/16, at 40 n.6 (citing *Diodoro*, 970 A.2d at 1107).[7]

The trial court supports its ruling with the following rationale:

[A]fter considering the applicable statutes, the submissions and arguments of the parties, and the decision in *Diodoro* we provided instructions on each crime that gave effect to the plain language of the Child Pornography statutes, incorporated the holding and rationale of and definitions discussed in *Diodoro*, included the common meanings and definitions of terms used in the statutes, and recognized that a person can commit Possession of Child [P]ornography by possessing, controlling, *or* intentionally viewing it and the crime of Disseminating Child Pornography by knowingly selling, distributing, delivering, disseminating, transferring, displaying or exhibiting child pornography to others, *or* possessing child pornography for the purpose of sale, distribution, delivery , dissemination, transfer, display, *or* exhibition to others. (N.T., 3/6/15, pp. 85–88).

Trial Court Opinion, 1/19/16, at 40–41.

_____

[7] We explained in *Diodoro* that the Pennsylvania Legislature knowingly included both "possession" and "control" in the statute. *See Diodoro*, 970 A.2d at 1107 ("[T]he statute employs the disjunctive 'knowingly **possesses or controls**,' 18 Pa.C.S. § 6312(d)(1) (emphasis added). It is reasonable to conclude that the General Assembly employed the terms 'possession' and 'control' in the disjunctive purposefully and that they were meant to have different applications.").

Notably, the *Diodoro* Court expressly declined to consider "arguments made by both [the] appellant and the Commonwealth addressing whether such conduct [accessing and viewing child pornography over the internet] constitutes possession of child pornography under Section 6312(d)." *Diodoro*, 970 A.2d at 1105 n.6.

Our review of the record reveals no abuse of the trial court's discretion or error of law in the possession instruction. The trial court spent considerable time discussing Appellant's proffered instruction with counsel. N.T., 3/6/15, at 8–17, 76–78. The trial court also explained its concern about Appellant's definition of possession on the record: "I don't think it's sufficient and I think it would be misleading in a case involving computers, the cyber world, and all the technological matters that we heard about throughout this trial." *Id.* at 8, 9. The trial court even provided Appellant an opportunity to edit the proposed definition by including the technological aspects of the case. *Id.* at 14, 16, 76–78. Then, the trial court instructed the jury on all of the elements of the three crimes charged. *Id.* at 84–90. Additionally, although the trial court was not required to use Appellant's definition of possession in its jury charge, it did use some of the same language. *Id.* at 86–87. Moreover, defense counsel responded affirmatively when the trial court asked, "Counsel satisfied with the charge?" *Id.* at 100.[8] Upon review of the entire jury charge, and not simply isolated portions, we conclude that the trial court clearly, adequately, and accurately presented the law to the jury. *Id.* at 80–100.

---

[8] Arguably, we could find this issue waived because Appellant did not object after the trial court concluded its charge. *Bruce*, 916 A.2d at 670 (stating that failure to offer a timely and specific objection results in waiver of the claim). However, the record fairly suggests that Appellant had a continuous objection to the trial court's rejection of his proposed instruction. N.T., 3/6/15, at 78.

Appellant's fifth assignment of error concerns the denial of his motion for individual *voir dire*. "A defendant has a right to an impartial jury pursuant to the Sixth and Fourteenth Amendments to the United States Constitution and Article 1, § 9 of the Pennsylvania Constitution." *Commonwealth v. Chmiel*, 889 A.2d 501, 519 (Pa. 2005) (citations omitted); *Commonwealth v. Wimbush*, 951 A.2d 379, 383 (Pa. Super. 2008). "The purpose of *voir dire* is to ensure the empaneling of a fair and impartial jury capable of following the instructions on the law as provided by the trial court." *Commonwealth v. Noel*, 104 A.3d 1156, 1168 (Pa. 2014) (quoting *Commonwealth v. Marrero*, 687 A.2d 1102, 1107 (Pa. 1996) (citation omitted)). "The process of selecting a jury is committed to the sound discretion of the trial judge and will be reversed only where the record indicates an abuse of discretion, and the appellant carries the burden of showing that the jury was not impartial." *Chmiel*, 889 A.2d at 519; *Noel*, 104 A.3d at 1169.

Appellant complains that the trial court denied him a fair trial by conducting *voir dire* collectively: "[T]he social prejudices associated with child pornography in a public forum voir dire denies a defendant the ability in vetting individual jurors regarding social, religious and personal prejudices on the subject of child pornography[.]" Appellant's Brief at 32 (emphasis omitted). According to the Commonwealth, Appellant did not properly preserve this issue, and therefore, it is waived. Commonwealth's Brief at

26. Alternatively, the Commonwealth argues, Appellant "has not nor can he show that the jury was no[t] impartial. The Appellant was acquitted in the companion case, clearly showing the jury was not biased against him." Commonwealth's Brief at 26–27.

The trial court rejected Appellant's argument for several reasons:

> First, once again, [Appellant] was acquitted in the companion case. Given the acquittal, it is hard to imagine how the chosen form of jury selection prejudiced him or how [Appellant] might believe the jury was not impartial.

> Second, procedurally, [Appellant] did not properly preserve this assertion for appellate review in that he did not sufficiently flesh out this issue by pointing to any specific defect in the jury selection process that was employed, any specific harm or prejudice he suffered, any specific question or (categories of question) counsel was unable to ask, any juror he would have questioned further if questioning was done individually, any juror whose "social, religious, or personal prejudice" would have resulted in disqualification of excusal for cause, or any point during the selection process which should have prompted us to switch to individual *voir dire*. Simply, [Appellant] does not specifically allege that the jury selected was not fair and impartial. Rather, he merely asserts that, in child pornography cases, individual jury selection *should* be utilized.
> . . .

> Third, regardless of the belief of [Appellant] or his attorneys, individual *voir dire* is currently required by the Pennsylvania Rules of Criminal Procedure only in capital cases. In all other cases, the trial judge may select either individual *voir dire* or the list challenge system (group *voir dire*) to select a jury. Pa.R.Crim.P. 631(F)(1). In this proceeding, as this was not a capital case, or a case involving massive pre-trial publicity, we determined there was no need for individual *voir dire*. This decision is discretionary per Rule 631 and, as discussed, [Appellant] has failed to allege or demonstrate how we abused our discretion or how he was prejudiced by our choice.

Trial Court Opinion, 1/19/16, at 38–39 (citation to record omitted).

- 24 -

Upon review, we find support in the certified record for the trial court's ruling. N.T., 3/3/15, at 5–8, 14–15, 55–58. Moreover, we discern no abuse of discretion by the trial court in conducting *voir dire* collectively. Thus, we conclude that Appellant's contrary assertion does not warrant relief. In reaching this conclusion, we adopt as our own the well-reasoned analysis of the trial court set forth above.

Appellant's four remaining issues challenge his sentence as an abuse of the sentencing court's discretion. Appellant's Brief at 36. We reiterate that "[t]he right to appellate review of the discretionary aspects of a sentence is not absolute." **Commonwealth v. Zirkle**, 107 A.3d 127, 132 (Pa. Super. 2014). Rather, where an appellant challenges the discretionary aspects of a sentence, the appeal should be considered a petition for allowance of appeal. **Commonwealth v. W.H.M.**, 932 A.2d 155, 163 (Pa. Super. 2007). As we observed in **Commonwealth v. Moury**, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. [708]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Id.* at 170 (citing *Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006)). With regard to the third requirement, we have explained:

> [A]n appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. Pa.R.A.P. 2119(f). Such a statement must raise a substantial question, which we have described as a plausible argument that the sentence is contrary to a specific provision of the Sentencing Code or to the fundamental norms underlying the sentencing process. Should a defendant fail to comply with these procedures, this Court is empowered to dismiss his appeal. *See Commonwealth v. Penrod*, 578 A.2d 486, 490 (Pa. Super. 1990).

*Commonwealth v. Bonds*, 890 A.2d 414, 417 (Pa. Super. 2005) (internal quotation marks and case citation omitted); *Commonwealth v. Mouzon*, 812 A.2d 617, 627 (Pa. 2002).

Herein, Appellant filed a timely notice of appeal, and he preserved sentencing issues in a post-sentence motion. Notice of Appeal, 10/14/15, at 1; Motion, 6/24/15, at ¶ 24. However, Appellant's Pa.R.A.P. 2119(f) statement is woefully deficient in that it simply lists his four sentencing issues, which differ in some instances from the issues raised in his post-sentence motion. Appellant's Brief at 8. Although Appellant has labeled the section of his argument addressing his sentencing challenges in an apparent attempt to comply, nowhere does he articulate the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying

the sentencing process. Appellant's Brief at 35. Given this deficiency, we deny Appellant's petition for allowance to appeal the discretionary aspects of his sentence.[9] *Penrod*, 578 A.2d at 490.

Finally, we address the trial court's designation of Appellant as a Tier III sexual offender under the Sex Offender Registration and Notification Act ("SORNA"), 42 Pa.C.S. §§ 9799.10–9799.41. N.T., 6/16/15, at 29. In light of the Supreme Court's recent decision in *Commonwealth v. Lutz-Morrison*, 143 A.3d 891 (Pa. 2016), this ruling presents a non-waivable legality-of-sentence issue. According to the *Lutz-Morrison* Court, SORNA implicates the recidivist philosophy, requiring an action, a conviction, and a subsequent act to trigger lifetime registration for multiple offenses otherwise subject to a fifteen- or twenty-five-year registration period. *Lutz-Morrison*, 143 A.3d at 895. Because Appellant is a first-time offender, we are constrained to vacate the lifetime registration portion of Appellant's sentence and remand for re-sentencing under SORNA.

Convictions affirmed; judgment of sentence vacated in part; case remanded for re-sentencing. Jurisdiction relinquished.

_____

[9] Even if we overlooked Appellant's defective Pa.R.A.P. 2119(f) statement, we would dispose of his sentencing challenges by adopting the well-reasoned analysis of the trial court. Trial Court Opinion, 1/19/16, at 42–46.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>3/29/2017</u>