J-S50010-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| NAEEM JOHNSON | |
| Appellant | No. 183 EDA 2016 |

Appeal from the Judgment of Sentence December 4, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0014322-2013

BEFORE: PANELLA, J., MOULTON, J., and RANSOM, J.

MEMORANDUM BY PANELLA, J.                    **FILED OCTOBER 13, 2017**

A jury convicted Appellant, Naeem Johnson, of several crimes arising from his involvement in a drug trafficking scheme. While picking the jury for the trial, Johnson's counsel noticed that several jurors on the venire had not been properly seated according to their venire number. He objected, and after some confusion on the part of the trial court, most of the jurors were properly seated. However, one juror was never properly seated, and therefore was not subjected to *voir dire*.

On appeal, Johnson argues that his right to a fair and impartial jury was violated, as the single, improperly seated juror was effectively stricken from the panel without cause and without Johnson's knowledge. After careful review, we conclude that Johnson has failed to establish that the inadvertent

exclusion of the juror impacted his right to an impartial jury, and therefore affirm.

As Johnson raises a purely procedural challenge, we need not detail the factual background of his conviction. Instead, we will focus on the pre-trial procedure used for jury selection in this case.

For purposes of this appeal, it is undisputed that jury selection in criminal cases in Philadelphia County starts by summoning a jury venire (or pool, in common parlance) consisting of approximately forty prospective jurors. Each venire member is assigned a sequential number for identification purposes.

Due to seating limitations in the courtrooms, the venire is then separated into three separate groups. Venire members are sorted according to the answers they give on a written questionnaire. Group "A" consists of venire members who provided answers that raised no legal concerns on the questionnaire.

Up to approximately twenty Group "A" members are brought into the courtroom according to their sequential number for purposes of individual *voir dire*.[1] If there are more than twenty Group "A" venire members, those

---

[1] "*Voir dire*" is a legal term of art, defined as "the examination and interrogation of prospective jurors," **Commonwealth v. McNamara**, 662 A.2d 9, 13 (Pa. Super 1995), for the purpose of ensuring that the jurors can be impartial and correctly apply the law to the facts as they find them, **see** **Commonwealth v. Drew**, 459 A.2d 318, 320 (Pa. 1983).

members with later sequential numbers will not be initially brought into the courtroom for individual *voir dire*. These Group "A" members will be brought in for individual *voir dire* in the eventuality that too many of the initial group are stricken to allow for a full panel of twelve jurors.

If there are insufficient Group "A" jurors to fill a jury panel remaining after individual *voir dire*, Group "A-1" venire members are brought into the courtroom according to their sequential venire number to participate in individual *voir dire*. Group "A-1" members are venire members who provided answers of minor legal concern on the written questionnaire.

Group "B" venire members provided answers that raise significant legal concerns. They are only called in for individual *voir dire* if the jury panel cannot be filled with Group "A" and "A-1" members.

At Johnson's jury selection, his counsel noticed that venire members 4, 11, and 15 were all identified as Group "A-1" members. Thus, they were not initially brought into the courtroom with Group "A" for individual *voir dire*.

Johnson's counsel voiced an objection to the trial court. He argued venire members should only be separated into Group "A" and Group "B". **See** N.T., Jury Selection, 9/1/15, at 7, 9. Counsel requested that jurors 4, 11, 15, 26, and 35 be brought in with the initial group for *voir dire*. **See id**., at 35. In response, the trial court directed the court crier to include those venire members be brought into the courtroom with Group "A" for *voir dire*. **See id**., at 36.

Venire members 11, 15, 26, and 35 were brought into the courtroom and ultimately participated in individual *voir dire*. **See id**., at 55-62, 67-73, 99-104, 127-131. Venire member 11 was seated on the jury panel. **See id**., at 62. However, venire member 4 never participated in individual *voir dire*.

On appeal, Johnson argues the exclusion of venire member 4 from the jury selection process violated his right to a fair and impartial jury. Johnson was entitled to an impartial jury, and thus, his challenge to the selection of his jury raises a cognizable claim. **See Commonwealth v. Sauers**, 159 A.3d 1, 14 (Pa. 2017). Our courts utilize *voir dire* in an effort to ensure a fair, impartial jury panel that can apply the law as it is given to them by the trial court. **See id**. "The process of selecting a jury is committed to the sound discretion of the trial judge and will be reversed only where the record indicates an abuse of discretion, and the appellant carries the burden of showing that the jury was not impartial." **Id**., at 14 (citations omitted).

Here, we are presented with a record that indicates that through mere inadvertence, a juror that the trial court intended to subject to *voir dire* was excluded. There is no allegation that the Commonwealth was at fault. Nor is there any allegation that the trial court intentionally excluded this juror. We cannot locate any controlling authority that dealt with a similar situation. Nor has Johnson.

However, we need not reach the thorny substantive issue, as Johnson has entirely failed to establish that the jury that tried him was not impartial.

Rather, he argues that the Commonwealth cannot establish harmless error. *See* Appellant's Brief, at 15. However, as noted above, a claim that a defendant's right to an impartial jury has been violated requires the defendant prove that the jury panel was not impartial. ***See Sauers***, *supra.*

As Johnson concedes in his brief, the record does not reveal any details about juror number 4. More importantly, the record does not reveal any glaring issues with the empaneled jury. During jury selection, both Johnson and the Commonwealth were permitted seven peremptory[2] strikes. ***See*** Pa.R.Crim.P. 634(A)(2). He only exercised four, while the Commonwealth exercised just five.

Under these circumstances, Johnson cannot establish that juror number 4 would have been seated even if they had been subjected to *voir dire*. Nor can he establish that he was forced to accept a juror he would have otherwise stricken. As there is no evidence the composition of the jury was imbalanced or that juror number 4 belonged to a protected category, Johnson cannot establish that the jury was unfair or impartial. Thus, he has failed to carry his burden in establishing that the jury that convicted him was not impartial.

Judgment of sentence affirmed.

---

[2] "A peremptory challenge is a challenge to a prospective juror for which no reason need be given or cause assigned." 7 Standard Pennsylvania Practice 2d § 47:42.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/13/2017