J-S61041-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| YASSIR GAYLE, | |
| Appellant | No. 230 EDA 2016 |

Appeal from the Judgment of Sentence August 10, 2015
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0003418-2012

BEFORE: LAZARUS, J., RANSOM, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED OCTOBER 30, 2017**

Appellant, Yassir Gayle, appeals from the judgment of sentence imposed after his jury conviction of two counts of aggravated assault, and one count each of criminal conspiracy, firearms not to be carried without a license, carrying firearms in public in Philadelphia, and fleeing or attempting to elude a police officer.[1]  We affirm.

We take the following background facts and procedural history from the trial court's July 8, 2016 opinion and our independent review of the certified record.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2702(a), 903, 6106(a)(1) and 6108; and 75 Pa.C.S.A. § 3733(a), respectively.

On January 10, 2012, at approximately 7:00 p.m., Officer Christopher Culver and his partner, Officer Don Williams, patrolled the 2800 block of Ruth Street in Philadelphia in full uniform and in a marked police car. (*See* N.T. Trial, 6/03/15, at 29-30, 44). An unidentified white female ran towards their car, pointed to a silver Impala with tinted windows that was driving away, and said she had been robbed. (*See id.* at 30, 40, 42). The officers pursued the car and activated their lights and sirens. (*See id.* at 31). They ran the tag and found that it was registered to a different vehicle. (*See id.* at 41). The car properly stopped before suddenly driving away at a high speed. (*See id.* at 31-32). During the pursuit, the car almost struck a police car from the 24th District and sped through all stop signs and stop lights. (*See id.* at 42-43, 46). The car struck a barrier at Front Street, but continued to drive down the wrong way on Huntingdon Street with a blown tire. (*See id.* at 33, 40-44). It turned onto Emerald Street when the front seat passenger, later identified as the Appellant, leaned out and shot twice at the officers' car. (*See id.* at 33, 46; N.T. Trial, 6/05/15, at 164-66). The officers radioed for help while a police helicopter unit continued to track the suspects from the air. (*See* N.T. Trial, 6/03/15, at 32, 47). Officer Culver saw sparks that were consistent with a gunshot. (*See id.* at 49). Officers Ryan Teaford and Chris Clemens from the helicopter unit also witnessed the shooting. (*See* N.T. Trial, 6/04/16, at 12, 124). Officers later recovered projectiles on the 2500 block of Emerald Street and from the trunk area of the Impala. (*See id.* at 181; N.T. Trial, 6/05/15, at 47).

The Appellant and the backseat passenger, later identified as Eric Livingston, ran out of the car on the 2100 block of Frankford Avenue. (*See* N.T. Trial, 6/03/15, at 51-53, 84). They then ducked between two cars and tried to stash two guns underneath a car. (*See id.* at 84). Officers Culver and Williams, with their guns drawn, ordered them to raise their hands. (*See id.* at 53-54). The defendants did not comply. (*See id.*) Instead, they resisted arrest by punching and kicking at the officers. (*See id.* at 55). During the struggle, a gun fell from the Appellant's body. (*See id.* at 55, 85-86). Sergeant John Hoyt testified that he also heard and saw the gun fall from the Appellant and later recovered the gun and placed it on property receipt. (*See* N.T. Trial, 6/05/15, at 17, 21, 37-38). A dozen other officers converged on the scene and eventually apprehended the defendants. (*See* N.T. Trial, 6/03/15, at 84). Officers Williams and Culver later recovered the other two guns that the defendants

attempted to stash and placed them on property receipts. (**See** N.T. Trial, 6/03/15, at 56; N.T. Trial, 6/05/15, at 184).

After the two defendants ran out of the car, the driver of the Impala, later identified as Michael Williams, jumped out of the car, before it crashed on Memphis Street. (**See** N.T. Trial, 6/04/15, at 13). Williams fled into someone's home through an alleyway. (**See id.** at 18). He later exited the home and was subsequently apprehended by the police. (**See id.** at 74). Counsel[] stipulated that [Appellant], Williams, and Livingston did not have a valid license to carry on the night of the incident. (**See** N.T. Trial, 6/05/15, at 206-07).

(Trial Court Opinion, 7/08/16, at 2-4) (footnotes omitted; some record citations and formatting provided).

On June 9, 2015, a jury found Appellant guilty of the aforementioned crimes. The court deferred sentencing for the preparation of a mental health evaluation and a presentence investigation report. On August 10, 2015, it sentenced Appellant to an aggregate term of not less than twenty nor more than forty years' incarceration plus nineteen years of reporting probation. Appellant filed a motion to reconsider sentence and a post-sentence motion on August 18, 2015. The court denied the motion to reconsider sentence on August 28, 2015. The post-sentence motion was denied on January 19, 2016. Appellant timely appealed. On May 19, 2016, after being granted multiple extensions, he filed a timely statement of errors complained of on appeal pursuant to the court's order. **See** Pa.R.A.P. 1925(b). The court filed an opinion on July 8, 2016. **See** Pa.R.A.P. 1925(a).

Appellant raises one issue for our review: "Was the evidence insufficient to support [his] conviction for fleeing and eluding the police, where the

undisputed evidence at trial was that [he] was not driving the vehicle that drove away from the police?" (Appellant's Brief, at 4).

Our standard of review of this matter is well-settled:

> The standard we apply in reviewing the sufficiency of evidence is whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for that of the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Sauers*, 159 A.3d 1, 11 (Pa. Super. 2017) (citation omitted).

In this case, Appellant argues that the evidence was insufficient to convict him of fleeing or attempting to elude a police officer because he was not the driver of the car in question. (*See* Appellant's Brief, at 6-8). We disagree.

Pursuant to section 3733(a) of the Vehicle Code, "[a]ny driver of a motor vehicle who willfully fails or refuses to bring his vehicle to a stop, or who otherwise flees or attempts to elude a pursuing police officer, when given a

visual and audible signal to bring the vehicle to a stop, commits" the crime of fleeing or attempting to elude a police officer. 75 Pa.C.S.A. § 3733(a). "Driver" is defined as "[a] person who drives or is in actual physical control of a vehicle." 75 Pa.C.S.A. § 102.

In the present matter, there is no dispute that Appellant was the front seat passenger in the subject vehicle, not the driver. However, this does not end our inquiry, because the jury also convicted him of criminal conspiracy. Although Appellant did not challenge the sufficiency of the evidence to support the conviction, we conclude that evidence was sufficient to support a finding of criminal conspiracy.

"A person is guilty of conspiracy with another person to commit a crime if with the intent of promoting or facilitating its commission he . . . agrees to aid another person in the planning or commission of such crime[.]" 18 Pa.C.S.A. § 903(a)(2).

> Circumstantial evidence may provide proof of the conspiracy. The conduct of the parties and the circumstances surrounding such conduct may create a web of evidence linking the accused to the alleged conspiracy beyond a reasonable doubt. Additionally:
>
>> An agreement can be inferred from a variety of circumstances including, but not limited to, the relation between the parties, knowledge of and participation in the crime, and the circumstances and conduct of the parties surrounding the criminal episode. These factors may coalesce to establish a conspiratorial agreement beyond a reasonable doubt where one factor alone might fail.

Furthermore, flight, along with other circumstantial evidence, supports the inference of a criminal conspiracy.

**Commonwealth v. Devine**, 26 A.3d 1139, 1147 (Pa. Super. 2011), *appeal denied*, 42 A.3d 1059 (Pa. 2012) (citations and quotation marks omitted). Further:

Once there is evidence of the presence of a conspiracy, conspirators are liable for acts of co-conspirators committed in furtherance of the conspiracy. Even if the conspirator did not act as a principal in committing the underlying crime, he is still criminally liable for the actions of his co-conspirators taken in furtherance of the conspiracy.

**Commonwealth v. Lambert**, 795 A.2d 1010, 1016 (Pa. Super. 2002), *appeal denied*, 805 A.2d 521 (Pa. 2002) (citations omitted).

Here, the evidence established that Appellant and his co-conspirators led the police on a high-speed chase in the City of Philadelphia. During the pursuit, Appellant fired at the officers with a semi-automatic handgun. Once the car was disabled, Appellant and the two other individuals ran away, attempting to elude police officers on foot. We conclude that the jury properly found that this "web of evidence" linked Appellant to the conspiracy, beyond a reasonable doubt. **Devine**, **supra** at 1147 (citation omitted).

Based on the foregoing, Appellant was "liable for acts of co-conspirators committed in furtherance of the conspiracy." **Lambert**, **supra** at 1016 (citation omitted). Hence, we conclude that, although Appellant was not the driver of the vehicle, the evidence supported the jury's conviction of fleeing or attempting to elude a police officer where it was part of a criminal

conspiracy in which he was a participant. **See Sauers**, **supra** at 11.

Appellant's issue lacks merit.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/30/2017