J-S55021-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT WILLIAM KEECH | : | |
| | : | |
| Appellant | : | No. 371 WDA 2019 |

Appeal from the Judgment of Sentence Entered November 19, 2018
In the Court of Common Pleas of Elk County Criminal Division at No(s):
CP-24-CR-0000216-2017

BEFORE:   MURRAY, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:          **FILED JANUARY 06, 2020**

Robert William Keech appeals from the judgment of sentence imposed following his guilty pleas to corruption of minors and indecent assault.[1] Keech argues the court erred in notifying him he would be required to register as a Tier III sexual offender under the Sex Offender Registration and Notification Act ("SORNA"), 42 Pa.C.S.A. §§ 9799.10-9799.75. We vacate Keech's judgment of sentence in part and remand for resentencing.

A criminal information alleged Keech had inappropriate sexual contact with his granddaughter on five occasions between January and March of 2017. *See* N.T. (guilty plea), 7/12/18, at 3-4, 7-8. Keech entered open guilty pleas

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 6301(a)(1)(ii) and 3126(a)((8), respectively.

to one count of corruption of minors, as a third-degree felony, and one count of indecent assault, as a second-degree misdemeanor. *Id.* at 13, 17-18.

The court sentenced Keech to an aggregate of six months to 2 years of incarceration, followed by six years of probation. The court also notified Keech of his registration requirements under SORNA. The court found that the offense of corruption of minors was classified as a Tier I sexual offense, and the offense of indecent assault was classified as a Tier II sexual offense. **See** Trial Court Opinion, filed 3/9/19, at 1-2 (citing 42 Pa.C.S.A. §§ 9799.14(b)(8), (c)(1.3)). The court notified Keech that because of these two convictions, he would be required to register as a Tier III sexual offender under 42 Pa.C.S.A. § 9799.14(d)(16). **See id.** at 2; N.T. (sentencing), 11/15/18, at 4. This section provides that "[t]wo or more convictions of offenses listed as Tier I or Tier II sexual offenses" shall be classified as a Tier III sexual offense. 42 Pa.C.S.A. § 9799.14(d)(16).

Keech filed a motion for reconsideration, which the court denied. Keech appealed, and raises the following:

> Did the trial court err and/or abuse its discretion when it found [Keech] to be a Tier III SORNA Registrant where [Keech] did not meet the statutory criteria of a "sexually violent predator", where the Indecent Assault charge to which [Keech] pled is a Tier II offense and where the Corruption of Minors charge to which [Keech] pled is a Tier I offense which both arouse out of the same incident and involved the same victim?

Keech's Br. at 4.

Keech argues that his guilty pleas to indecent assault and corruption of minors do not constitute "two or more convictions" of Tier I/Tier II sexual offenses under 42 Pa.C.S.A. § 9799.14(d)(16). Keech relies on **Commonwealth v. Lutz-Morrison**, 143 A.3d 891 (Pa. 2016), which he claims established that Section 9799.14(d)(16) "requires an act, a conviction, and a subsequent act to trigger lifetime registration for multiple offenses." Keech's Br. at 12 (quoting **Lutz-Morrison**, 143 A.3d at 895) (Keech's emphasis omitted). Keech argues that here, his convictions arose out of the same incident, and did not qualify as a conviction and a subsequent act. **Id.** at 15.

In its opinion, the trial court asserts Keech waived this issue by not raising it at any time before the appeal, and presenting it for the first time in his statement of errors complained of on appeal.[2] Tr. Ct. Op. at 2. Keech does not address waiver in his brief. The Commonwealth did not submit a brief, but filed a letter directing this Court to the trial court's opinion.

The issue is not waived. Keech alleges the trial court erroneously increased his registration requirement under SORNA. Precedents have determined that these requirements are punitive in nature and affect the legality of a sentence, which is a non-waivable issue. **See Commonwealth v. Butler**, 173 A.3d 1212, 1215 (Pa.Super. 2017); **Commonwealth v. Sauers**, 159 A.3d 1, 16 (Pa.Super. 2017). We therefore review the issue,

---

[2] **See** Pa.R.A.P. 1925(b).

utilizing a plenary scope of review and a *de novo* standard of review. **Butler**, 173 A.3d at 1215.

We conclude **Lutz-Morrison** controls the outcome of this case. In **Lutz-Morrison**, the defendant plead guilty to multiple counts of sexual abuse of children (possession of child pornography),[3] a Tier I sexual offense, after the police seized four computers at his home. 143 A.3d at 893. The trial court notified the defendant he would be subject to lifetime registration as a Tier III offender under Section 9799.14(d)(16). **Id.** at 894.

The Supreme Court held that the trial court erred in considering the defendant's immediate offenses as "two or more convictions" for purposes of Section 9799.14(d)(16). **Id.** The Court noted the defendant "was charged in a single information arising from the search of his property; he entered court as a first-time offender on those charges and pled guilty to three counts—all Tier I offenses; and there were no direct victims of his crimes, much less multiple direct victims." **Id.** at 895. While the Court acknowledged that each conviction constituted a separate, independent crime, the Court found that registration under SORNA is "controlled by the recidivist philosophy animating [the] tiered scheme." **Id.** at 895 n.4. The Court therefore concluded that application of Section 9799.14(d)(16) "requires an act, a conviction, and a subsequent act to trigger lifetime registration for multiple offenses otherwise subject to a fifteen- or twenty-five-year period of registration." **Id.** at 895.

_____

[3] 18 Pa.C.S.A. § 6312(d).

The Court stated its analysis was controlled by, and further explained in, a companion case decided the same day, *A.S. v. Pennsylvania State Police*, 143 A.3d 896, 897 (Pa. 2016). *Id.* at 892, 894-95. In *A.S.*, the defendant challenged application of the analogous section of Megan's Law II, the sex offender registration statute that preceded SORNA. The defendant had "entered an open guilty plea to single counts of sexual abuse of children and unlawful contact with a minor—each of which was an enumerated offense for purposes of Megan's Law II reporting under [42 Pa.C.S.A. §] 9795.1(a)." *A.S.*, 143 A.3d at 899. The Supreme Court explained that as the statute "sets forth a graduated scheme of registration" and "encompasses a recidivist philosophy," it was not designed to apply to first-time offenders, even those convicted of multiple counts. *Id.* at 897, 905. The Court explained the statute was designed "to afford first-time offenders (or offenders convicted of less serious offenses) some amount of time within which to modify their behavior away from criminality. Should they fail to take advantage of the opportunity, and transgress a second time or more, the 'next' sentence will be more severe." *Id.* at 898 n.2 (quoting *Commonwealth v. Gehris*, 54 A.3d 862, 875 (Pa. 2012) (opinion in support of reversal by Castille, C.J., joined by Saylor and Baer, JJ.)).

Here, Keech pleaded guilty to two separate offenses: corruption of minors and indecent assault. Accordingly, he received a sentence for each crime. However, these convictions arose from criminal conduct alleged in a single criminal information, resulting in a single criminal case. More

importantly, as Keech had not been convicted of any other Tier I or Tier II offense before he pleaded guilty in this case, there was no conviction in between Keech's criminal acts at issue here such that application of Section 9799.14(d)(16) was proper. *Lutz-Morrison*, 143 A.3d at 895. We therefore vacate Keech's judgment of sentence as to his classification as a Tier III offender, and remand for new notification of Keech's registration requirements. *See Commonwealth v. Leonard*, 172 A.3d 628, 632 (Pa.Super. 2017); *Sauers*, 159 A.3d at 16.

Judgment of sentence vacated in part. Case remanded with instructions. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/6/2020