J-S44029-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| OBIE DAVIS, | |
| Appellant | No. 1442 EDA 2016 |

Appeal from the Judgment of Sentence April 28, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0000152-2015, CP-51-CR-0010915-2014

BEFORE:  BENDER, P.J.E., SHOGAN and MUSMANNO, JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED SEPTEMBER 01, 2017**

Appellant, Obie Davis, appeals from the judgment of sentence entered on April 28, 2016, in the Philadelphia County Court of Common Pleas.  We affirm.

The factual background in this matter was set forth by the trial court as follows:

> Police Officer Michael Robertson testified that on December 22, 2014, at approximately 8:15 PM, he was the driver of a marked patrol car, accompanied by his partner, [Officer Daniel Levitt,] in the vicinity of Broad and Belfield in Philadelphia. N.T. 2/5/16, p. 11. Officer Robertson observed a blue minivan travelling at a high rate of speed, disregard a no-turn-on-red sign and continue south on Broad Street. N.T. 2/5/16, p. 11. The officer followed the vehicle for approximately two long blocks, activating his lights and siren. N.T. 2/5/16, p. 12. The mini-van attempted to turn right and crashed into a pole. The back of the vehicle became airborne. N.T. 2/5/16, pp. 13, 41.

[Appellant] exited the driver's side of the backwards rolling vehicle, running west on Cayuga Street. As [Appellant] ran between a church and an abandoned house. Officer Robertson observed that [Appellant] was holding a black handgun in his right hand. N.T. 2/5/16. pp. 13, 17-18, 25. Officer Robertson made his observation of the gun in [Appellant's] hand from about 15 feet behind [Appellant], while the vehicle's headlights were "illuminated right at him." N.T. 2/5/16, pp. 26-27, 30. As Officer Levitt started to chase [Appellant] on foot, Officer Robertson was simultaneously on police radio shouting "Gun, gun. He's got a gun." N.T. 2/5/16, pp. 36, 48; Police Radio recording.

[Appellant] tossed the gun over a fence, then proceeded to climb over a fence topped with barbed wire. N.T. 2/5/16, pp. 13, 17, 18, 42, 49; C-8. There was a light illuminating the area where the gun was thrown over the fence. N.T. 2/5/16, pp. 18-19, 54; C-9. Officer Levitt confronted [Appellant] through the fence, face to face. [Appellant] then turned, picked up a gun that was on the ground about 5 feet from him and ran off. [N.T.] 2/5/16, pp. 42. 44, 44-45. The gun picked up by [Appellant] appeared to be a small black semi-automatic. [N.T.] 2/5/16. p. 45.

Officer Robertson drove around the block trying to cut off [Appellant], while his partner, Officer Levitt, ran along the fence. Officer Robertson put out a description of [Appellant] on police radio. [Appellant] was stopped at 16th and Wingohocking by other officers. He was identified at that location by Officer Levitt. N.T. 2/5/16, pp. 13-14. 36-38, 43. [Appellant] was wearing the same jacket and clothes Officer Levitt had observed him wearing during their confrontation through the fence, and [Appellant] had bloody hands due to cuts from the barbed wire at the top of the fence. [N.T.] 2/5/16, p. 43.

Officer Robertson and his partner searched the debris filled area where [Appellant] climbed the fence and the alley way, but did not find the gun. N.T. 2/5/16, pp. 22, 32-33. Controlled substances were recovered near the path [Appellant] had run and in the vehicle. N.T. 2/5/16, pp. 21, 46.

Officer Robertson was a 6-year veteran of the force, who had made approximately 40 arrests involving firearms. N.T. 2/5116. pp. 9-11. Officer Levitt was also a 6-year veteran of the

force, who had made approximately 20 arrests involving firearms. N.T. 2/5/16, p. 40.

Trial Court Opinion, 10/12/16, at unnumbered 2-3. The trial court provided the following procedural history:

On February 5, 2016, [Appellant] proceeded to trial before this Court, sitting without a jury. [Appellant] was charged with Possession of a firearm by a prohibited person (18 Pa. C.S. § 6105), Firearms not to be carried without a license (18 Pa. C.S. § 6106), Carrying firearms in public in Philadelphia (18 Pa. C.S. § 6108) and Possession of a Controlled Substance (35 [P.S.] § 780-113 (A) (16)).

On April 26, 2016, [Appellant] was sentenced to 3½ to 7 years state incarceration on the convictions for Possession of a firearm by a prohibited person (18 Pa. C.S. § 6105) and Firearms not to be carried without a license (18 Pa. C.S. § 6106), to be served concurrently, and a consecutive sentence of 4 year[s of] probation on the conviction for Carrying firearms in public in Philadelphia (18 Pa. C.S. § 6108). No further penalty was imposed on the conviction for Possession of a Controlled Substance (35 [P.S.] § 780-113 (A) (16)).[1]

[1] On that date [Appellant] also entered a plea of guilty and was sentenced on an unrelated case under CP-51-CR-0010915-2014. No appeal has been filed from that sentence.

New counsel was appointed to represent [Appellant] for post-sentence matters on April 28, 2016.

On April 29, 2016, [Appellant] filed a pro se notice of appeal.

On May 6, 2016, counsel filed post-sentence motions. The post-sentence motions were denied on June 21, 2016.

On August 29, 2016, an order directing the filing of a Pa.R.A.P. 1925(b) statement was entered.

Trial Court Opinion, 10/12/16, at unnumbered 1-2.

On September 9, 2016, Appellant complied with the trial court's order and filed a timely Pa.R.A.P. 1925(b) statement of errors complained of on appeal. The trial court filed its Pa.R.A.P. 1925(a) opinion on October 12, 2016.

On appeal, Appellant presents the following questions for this Court's consideration:

> 1. Did the lower court err when it found that the evidence was sufficient to support a conviction for possession of a firearm under 18 Pa.C.S. §§ 6106 and 6108, where the Commonwealth failed to prove an essential element of both offenses, namely, the required barrel length or overall length of the alleged firearm?
>
> 2. Did the lower court err when it found that the evidence was sufficient to support a conviction for possession of a firearm under 18 Pa.C.S. § 6105, where no firearm was recovered and the Commonwealth's witnesses gave conflicting testimony as to whether Appellant possessed a firearm?

Appellant's Brief at 2.

In Appellant's first issue, he presents a challenge to the sufficiency of the evidence. Our standard of review is well settled:

> The standard we apply in reviewing the sufficiency of evidence is whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for that of the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a [Appellant's] guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of

- 4 -

proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Sauers*, 159 A.3d 1, 11 (Pa. Super. 2017) (citations omitted).

The statutes relevant to this issue provide, in pertinent part, as follows:

**Firearms not to be carried without a license**

**(a) Offense defined.--**

(1) Except as provided in paragraph (2), any person who carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license under this chapter commits a felony of the third degree.

(2) A person who is otherwise eligible to possess a valid license under this chapter but carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license and has not committed any other criminal violation commits a misdemeanor of the first degree.

18 Pa.C.S. § 6106(a).

**Carrying firearms on public streets or public property in Philadelphia**

No person shall carry a firearm, rifle or shotgun at any time upon the public streets or upon any public property in a city of the first class unless:

(1) such person is licensed to carry a firearm; or

(2) such person is exempt from licensing under section 6106(b) of this title (relating to firearms not to be carried without a license).

18 Pa.C.S. § 6108.

A "firearm" is defined as:

Any pistol or revolver with a barrel length less than 15 inches, any shotgun with a barrel length less than 18 inches or any rifle with a barrel length less than 16 inches, or any pistol, revolver, rifle or shotgun with an overall length of less than 26 inches. The barrel length of a firearm shall be determined by measuring from the muzzle of the barrel to the face of the closed action, bolt or cylinder, whichever is applicable.

18 Pa.C.S. § 6102.

Appellant points out that the gun he allegedly possessed was not recovered, and this prevented the factfinder from determining the length of the gun's barrel. Appellant's Brief at 7-8. Appellant avers that the barrel length is an essential element of the crimes of which he was convicted. *Id*. Therefore, Appellant claims that the evidence was insufficient to support his convictions. We disagree.

While Appellant is correct that the exact length of the barrel was not established, at trial, witnesses consistently described the firearm as a small handgun. Specifically, the record reflects that Officer Michael Robertson testified that Appellant possessed a black handgun, N.T., 2/5/16, at 13, 17,

and also referred to the firearm as "a small black handgun." *Id*. at 31. Furthermore, Officer Daniel Levitt testified that Appellant's gun was "a small black semi-automatic." *Id*. at 45. Additionally, there was no indication that the gun had a long barrel.

As noted above, we view the evidence in the light most favorable to the Commonwealth as verdict winner. *Sauers*, 159 A.3d at 11. After review, we conclude that the witnesses' description of the firearm as a small handgun allowed the trial court, sitting as the finder of fact, reasonably to conclude that length of the barrel was less than fifteen inches. Accordingly, the evidence was sufficient to establish the elements of the crimes with which Appellant was charged.

In his second issue, Appellant argues that the Commonwealth failed to establish that Appellant actually possessed or constructively possessed a firearm in violation of 18 Pa.C.S. § 6105. Appellant's Brief at 10. We disagree.

The statute provides, in pertinent part, as follows:

> A person who has been convicted of an offense enumerated in subsection (b), within or without this Commonwealth, regardless of the length of sentence or whose conduct meets the criteria in subsection (c) shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth.

18 Pa.C.S. § 6105(a)(1). Appellant does not dispute that he was prohibited from possessing a firearm due to prior convictions for offenses enumerated

in the statute. Appellant's Brief at 11. Appellant focusses only on the element of possession.

When a criminal defendant is not found in actual possession of contraband, the Commonwealth may establish possession of the contraband through "constructive possession." **Commonwealth v. Hopkins**, 67 A.3d 817, 820 (Pa. Super. 2013).

> Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not. We have defined constructive possession as conscious dominion. We subsequently defined conscious dominion as the power to control the contraband and the intent to exercise that control. To aid application, we have held that constructive possession may be established by the totality of the circumstances.

**Id**. (citation omitted).

An analysis of constructive possession is unnecessary in the present case. Here, the testimonial evidence that the officers presented, and which the fact-finder chose to find credible, established that Appellant was in **actual possession** of the handgun. N.T., 2/5/16, at 13, 17, 31, and 45. Nevertheless, Appellant avers that this testimony was insufficient. Appellant's Brief at 12. Appellant is mistaken. The officers' testimony alone was sufficient to establish the elements of the crime. **See Commonwealth v. Robinson**, 817 A.2d 1153, 1161-1162 (Pa. Super. 2003) (holding that where the victim testified her attackers brandished handguns, but where no handgun was discovered on the appellant's person thirty minutes after the

robbery, the victim's testimony alone was sufficient to establish possession of a firearm because the "[a]ppellant could have easily discarded the gun immediately after the robbery had been effectuated"). As noted above, the trial court, sitting as the finder of fact, was free to believe all, part, or none of the evidence presented. *Sauers*, 159 A.3d at 11. The trial court found the testimony of the officers credible and concluded, as it was free to do, that Appellant possessed the firearm in violation of 18 Pa.C.S. § 6105. Accordingly, we conclude that this issue is meritless.

For the reasons set forth above, Appellant is entitled to no relief. Therefore, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/1/2017