J-A21041-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DALE M. JOHNSON | |
| Appellant | No. 1885 WDA 2016 |

Appeal from the PCRA Order entered December 1, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No: CP-02-CR-0016792-2008

BEFORE:  BENDER, P.J.E., OLSON, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                **FILED  NOVEMBER 9, 2017**

Appellant, Dale Johnson, appeals *pro se* from the December 1, 2016 order entered in the Court of Common Pleas of Allegheny County, denying as untimely his fourth petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.    Following review, we affirm.

This Court adopted the following factual summary from an opinion issued by the PCRA court in the course of considering Appellant's third PCRA petition, and we repeat it here:

> On August 13, 2008, the victim was attacked at his home.  He first heard the sound of his back door crashing in.  An intruder approached him at great speed, hit him on the head and threw him to the floor.  The intruder wore a white mask and hit him on his head and face with a heavy object.  A second person was present who the victim did not see.  The victim heard two voices, one voice was heard to say, "Shoot him now."  The victim could

not tell which of the intruders uttered the statement. A gun was placed into his mouth and the victim heard it click. During the incident, the victim's watch was taken from him.

Officer Klobucher testified that he was a patrol officer on duty and in full uniform on the night in question. He stated that he was dispatched following a call from a neighbor that two individuals were attempting to gain entry to the victim's residence. Officer Klobucher was the first officer to arrive at the scene, less than a minute and a half from the time he was dispatched. Upon arrival, from the back of the house, he observed the broken back door, looked inside the house, and saw two individuals. They were both wearing masks, one mask tan and one mask white. Both individuals were making punching and pushing motions toward the floor.

Eventually, the actor wearing the tan mask saw the Officer and extended his right arm straight out in front of him with his fist clenched. The Officer observed an object in the actor's right hand but could not positively identify the object. Believing the object to be a gun, he took cover and drew his firearm. When he looked back into the residence, the masked individuals were no longer in sight.

In the meantime, backup officers arrived on the scene. One suspect was apprehended in the basement. A firearm and a white bandana were recovered in the basement. The other individual was apprehended in the front of the residence. He was wearing a tan mask. That individual was identified by the apprehending Officer as Appellant.

Officer Frisk, upon arrival, positioned himself in front of the house and observed a man wearing a tan mask peer out the front window between the blinds. Approximately ten to fifteen seconds later, a man wearing the same mask "burst through the front door." Officer Frisk yelled for the actor to show his hands and get on the ground. Instead of complying with that directive, Appellant continued toward the Officer and the Officer deployed his Taser.

Officer Frisk identified Appellant as the man wearing the tan mask who he apprehended leaving the front of the house. Appellant did not have a valid license to carry a firearm. The firearm was tested and returned as operable. Located on

Appellant's person, in his right front pants pocket, was a gold and silver watch and a set of car keys. The watch recovered was consistent with what was identified by the victim as his watch.

*Commonwealth v. Johnson*, No. 1858 WDA 2014, unpublished memorandum at 1-3 (Pa. Super. filed July 16, 2015) (quoting PCRA Court Opinion, 11/22/11, at 3-5) (brackets and internal citations omitted).

At trial, Appellant claimed he was not the second intruder but, rather, was the merely the driver of the vehicle that brought the two assailants to the victim's home. He contended that he entered the victim's home after the tan-masked intruder ran out of the house and said they had to leave the scene. He testified the keys in his pocket were his but that the watch was not. He suggested the watch was planted on him by the police.

At the conclusion of the trial, the jury found Appellant guilty of aggravated assault, burglary, robbery, aggravated assault with a deadly weapon, terroristic threats, and unlawful restraint. On October 22, 2009, the trial court sentenced Appellant to an aggregate term of imprisonment of twelve to twenty-four years followed by five years' probation.[1]

Appellant filed a direct appeal asserting insufficiency and weight of evidence claims as well as error relating to a jury instruction. This Court affirmed his judgment of sentence on August 31, 2010, and our Supreme Court denied his appeal on February 2, 2011.

---

[1] Appellant's sentence included a second strike mandatory sentence of ten to twenty years in prison. *See* 42 Pa.C.S.A. § 9714.

On February 24, 2011, Appellant filed his first PCRA petition. Among the claims asserted was ineffectiveness of trial counsel for failing to call the reporting eyewitness to the assault, Dayon Chambers ("Chambers"), claiming Chambers would have corroborated Appellant's testimony that Appellant was not one of the two men who assaulted the victim.

The trial court dismissed Appellant's petition on May 25, 2011. This Court affirmed on May 4, 2012, finding that Appellant's claims lacked arguable merit or were waived and that Appellant could not show he was prejudiced by any error or omission on the part of trial counsel in light of the compelling evidence of guilt presented at trial.

Appellant filed a second PCRA petition on January 17, 2013, claiming he possessed "after-discovered evidence" sufficient to circumvent the PCRA's one-year time bar. Specifically, Appellant claimed an affidavit obtained from Chambers indicated that Appellant attempted to rescue the victim, that the police fabricated Appellant's role in the assault, and that the Commonwealth purposely did not call Chambers as a witness. The PCRA court rejected Appellant's claimed exception to the PCRA's time bar and dismissed the petition as untimely, finding Chambers' existence as a witness was not after-discovered evidence, as illustrated by the fact Appellant previously claimed trial counsel ineffectiveness for failing to call Chambers as a witness. On August 24, 2013, this Court affirmed, agreeing that there were no "new facts" and the petition was time-barred.

On January 8, 2014, Appellant filed a third PCRA petition, again claiming after-discovered evidence. The PCRA court appointed counsel who filed an amended and a second amended petition. The PCRA court dismissed Appellant's second amended petition as untimely and this Court affirmed on July 16, 2015. Our Supreme Court denied Appellant's petition for allowance of appeal on March 30, 2016.

At issue in the current appeal is the dismissal of Appellant's fourth PCRA petition filed on October 27, 2016, in which he asserted a **Brady** violation.[2-3] The PCRA court issued its notice of intention to dismiss and Appellant filed objections. By order entered December 1, 2016, the court dismissed the petition as untimely filed. This appeal followed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant asks us to consider two issues, which we repeat here verbatim:

---

[2] **Brady v. Maryland**, 373 U.S. 83 (1963).

[3] While the petition was titled an amended petition, the original fourth petition was erroneously filed in federal court. As the PCRA court explained in its Rule 1925(a) opinion, the court was unaware of the original petition—asserting previous counsel's ineffectiveness—until Appellant attached it to his objections to the court's Rule 907 notice of intention to dismiss. However, because the court found the petition was untimely and was not saved by any statutory exception, the court declined to address whether the issue raised in the original fourth PCRA petition was waived. PCRA Court Rule 1925(a) Opinion, 5/11/17, at 3, n.3.

1. Did the PCRA Court err in dismissing Appellant's PCRA Petition raising an illegal sentence that PCRA Counsel failed to raise when petitioner asked counsel; "Was his sentence illegal?" Also after explaining to the court that he could not have discovered that his sentence was illegal not just according to a decision in "Alleyene", but also being found innocent of all gun charges to be sentenced under the mandatory sentence statues of 9712 and 9714, all due to S.C.I Greenburg's closing, not being able to do any research due to the prison library being closed from November 2012 till closing in June 2013 during the ruling of "Alleyene" in January 2013; and after Appellant's tranfer in May 2013 to S.C.I. Greene where this institution continuously cancels the library and fails to up-date their research software?

2. Did the PCRA court err in dismissing Appellant's petition based on an "Unreasonable Application" of lawon the "Brady" violation claim petitioner raised, that the court cannot dismiss a "Brady" claim for?

Appellant's Brief at 3.

We begin by setting forth our standard of review. "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014) (internal quotation marks and citation omitted).

Before addressing the merits of Appellant's issues, we must determine whether either the PCRA court or this Court has jurisdiction over Appellant's fourth PCRA petition. As noted above, our Supreme Court denied Appellant's petition for allowance of appeal on February 2, 2011. Appellant did not seek a writ of certiorari to the United States Supreme Court. Therefore, Appellant's judgment of sentence was final on May 3, 2011, ninety days

after our Supreme Court denied his petition for allowance of appeal. **See** U.S. Sup. Ct. R. 13; 42 Pa.C.S.A. § 9545(b)(3).

In accordance with 42 Pa.C.S.A. § 9545(b)(1), a PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves [an exception]." Further, "[a]ny petition invoking an exception in paragraph (1) shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Again, Appellant's judgment became final on May 3, 2011. The petition at issue was filed on October 27, 2016, more than five years after his judgment became final. As our Supreme Court has explained, timeliness of a PCRA petition is a jurisdictional requisite. **Commonwealth v. Cox**, 146 A.3d 221, 227 (Pa. 2016). Because Appellant's petition was filed well in excess of one year after his judgment became final, his petition is untimely unless it alleges and Appellant proves an exception to the PCRA's time bar.

Appellant's fourth PCRA petition, filed erroneously in federal court but later attached to his objections to the PCRA court's Rule 907 notice,[4] claimed an illegal sentence under **Alleyne v. United States**, 133 S.Ct. 2151 (2013). Appellant mistakenly believed that he received an enhanced sentenced under 42 Pa.C.S.A. § 9712, relating to commission of certain offenses with a

_____

[4] **See** n. 3, _supra_.

firearm, a provision that has been found unconstitutional. **See Commonwealth v. Valentine**, 101 A.3d 801 (Pa. Super. 2014). However, Appellant's mandatory ten- to twenty-year sentence for aggravated assault was not imposed under § 9712. It was imposed under 42 Pa.C.S.A. § 9714, based on Appellant's prior conviction for a crime of violence. Therefore, **Alleyne** is not implicated as **Alleyne** itself announced that it did not apply to prior convictions. **See Alleyne**, 133 S.Ct. at 2160, n.1. Therefore, even if Appellant had properly filed the petition with the PCRA court, **Alleyne** would not afford Appellant any basis for relief.[5]

In his amended fourth PCRA petition, Appellant asserts a **Brady** claim stemming from the Commonwealth's purported withholding of exculpatory evidence, *i.e.*, the testimony of Chambers and the existence of other witnesses who were attending a barbecue at Chambers' home at the time of the assault. Appellant relies on **Dennis v. Sec'y, Pennsylvania Dep't of Corr.**, 834 F.3d 263 (3d Cir. 2016), claiming it precludes the Commonwealth from injecting a due diligence element into a **Brady** challenge. First, this

---

[5] Moreover, while this Court has held that **Alleyne** applies retroactively on direct appeal, we have declined to construe that decision as applying retroactively to cases during PCRA review. **See Commonwealth v. Miller**, 102 A.3d 988, 995 (Pa. Super. 2014). Further, to the extent Appellant suggests that, as a legality of sentence issue, his claim is not waivable, Appellant ignores the fact that this Court does not have jurisdiction over a legality of sentence challenge if the PCRA petition asserting that challenge is untimely, which Appellant's fourth PCRA petition is. **Id.**

Court is not bound by a decision from the Third Circuit. *See, e.g., Commonwealth v. Sauers*, 159 A.3d 1, 9 (Pa. Super. 2017) (decisions of federal courts are not binding on state courts, absent a pronouncement from the United States Supreme Court). Second, as a circuit court decision, *Dennis* clearly does not announce a retroactive constitutional right recognized by either our Supreme Court or the United States Supreme Court that could serve as an exception to the PCRA's time bar under 42 Pa.C.S.A. § 9545 (b)(1)(ii). Moreover, the court in *Dennis* found the due diligence argument waived for failure to raise it until appeal. *Dennis*, 834 F.3d at 289. Finally, as the PCRA court recognized, the issue before the PCRA court in Appellant's case was previously addressed by this Court in affirming the dismissal of Appellant's third PCRA petition. As we stated at that time:

> The burden is on Appellant to establish he acted diligently and, therefore, the burden is on Appellant to prove Chambers would not have revealed this information had he been asked. *See* 42 Pa.C.S.A. § 9545(b)(1)(ii); *Commonwealth v. Bennett*, 930 A.2d 1264, 1270 (Pa. 2007) (petition must allege and prove the facts were "unknown" to him and could not have been ascertained through the exercise of due diligence). Appellant procured two other affidavits from Chambers and offers no explanation as to why he could not have procured a third affidavit to explain Chambers' failure to mention the 10-12 people that were at his house at the time of the incident.

PCRA Court Rule 1925(a) Opinion, 5/11/17, at 5 (quoting *Commonwealth v. Johnson*, 1858 WDA 2014, *supra*, at 12, n. 9).

We find the PCRA court correctly concluded that Appellant's petition was untimely and was not saved by any exception to the PCRA's time bar.

Because the findings of the PCRA court are supported by the record and are free from legal error, we affirm the December 1, 2016 order dismissing as untimely Appellant's fourth PCRA petition.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  11/9/2017