J-S70030-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                             :           PENNSYLVANIA
                                             :

           v.                                      :
                                           :

WANDALEE BALCACER               :
                                           :
        Appellant                  :    No. 2002 MDA 2016

Appeal from the Judgment of Sentence November 8, 2016
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0004025-2015

BEFORE: GANTMAN, P.J., SHOGAN, J., and OTT, J.

MEMORANDUM BY SHOGAN, J.:           **FILED NOVEMBER 20, 2017**

Wandalee Balcacer ("Appellant") appeals from the judgment of sentence entered in the Court of Common Pleas of Luzerne County on November 8, 2016. Appellant's counsel has filed an application to withdraw his representation and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009), which govern a withdrawal from representation on direct appeal. Appellant has not filed a response to counsel's petition. After careful review, we grant counsel's petition to withdraw and affirm the judgment of sentence.

In an opinion to this Court, the trial court set forth the relevant procedural and factual history of this case as follows:

> On January 13, 2016, the Luzerne County District Attorney filed a four (4) count Information charging [Appellant] with two (2) counts of Criminal Homicide-Criminal Attempt 18 Pa.C.S.A. §901(A) and two (2) counts of Criminal Conspiracy to commit

Homicide 18 Pa.C.S.A. [§] 903. There being no objection to the Commonwealth's Motion to Consolidate Appellant's case with that of her co-defendant, Tony Edwards, by Order dated May 19, 2016, the cases of Commonwealth versus [Appellant] and Commonwealth versus Tony Edwards were consolidated for trial pursuant to Pa. R. Crim. P. 453.

It was alleged that the Appellant and her co-defendant, Tony Edwards, were responsible for the attempted killing of Sherry Ann Rivera and Izhar Ramos-Ramirez. Specifically, evidence was presented that Ms. Rivera owed Appellant money for narcotics. (N.T. p. 303) Appellant enlisted her co-defendant, Tony Edwards to join her in confronting Ms. Rivera relative to the aforementioned drug debt. On April 4, 2015, Appellant and Edwards confronted Ms. Rivera and Mr. Ramirez in a stairway at the Interfaith Heights Housing Complex in Wilkes-Barre City. (N.T. p 401-405) The victims were ordered to the ground and shot by Edwards at Appellant's urging. (N.T. p. 404).

Following a trial before a jury, on September 19, 2016, the Appellant was found guilty of count three (3), Criminal Conspiracy to Commit Homicide of Sherry Ann Rivera. A Pre-Sentence Investigation was ordered to be completed by the Luzerne County Adult Probation and Parole Department, and a sentencing hearing was scheduled. The sentencing hearing commenced on November 8, 2016, when the Appellant was sentenced to a minimum period of incarceration of fifteen (15) years to a maximum of forty (40) years to be served in a state correctional institution. (N.T. Sentencing 11/8//2016 [sic] p. 10) [Appellant] was subsequently advised by this [c]ourt of her post-sentence rights before the hearing concluded. Id.

Trial Court Opinion, 6/27/17, at 1–2 (footnote omitted).

Before we address the merits of this appeal, we first must resolve appellate counsel's request to withdraw. **Commonwealth v. Cartrette**, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*). There are procedural and briefing requirements imposed upon an attorney who seeks to withdraw on direct appeal. The procedural mandates are that counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

*Id.* at 1032 (citation omitted).

In this case, counsel has satisfied those directives. Within his petition to withdraw, counsel averred that he conducted a thorough review of Appellant's case and determined that the appeal would be frivolous. Counsel sent Appellant a copy of the **Anders** brief and petition to withdraw, as well as a letter, a copy of which is attached to the petition. In the letter, counsel advised Appellant that she could either represent herself on appeal or retain private counsel to represent her.

We now examine whether the brief satisfies the Supreme Court's dictates in **Santiago**, which provide that:

> in the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.

Counsel's brief is compliant with **Santiago**. It sets forth the factual and procedural history of this case, outlines pertinent case authority, cites to

- 3 -

the record, and refers to issues of arguable merit. ***Anders*** Brief at 4–6. Further, the brief sets forth counsel's conclusion that the appeal is frivolous and the reasons for counsel's conclusion. ***Id.*** at 6–7. "Therefore, we now have the responsibility to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." ***Commonwealth v. Tukhi***, 149 A.3d 881, 886 (Pa. Super. 2016) (citation and internal quotation marks omitted).

The ***Anders*** brief contains three issues for our consideration:

1. Whether the trial court committed an error of law in allowing the Commonwealth's improper impeachment of the Appellant through use of bad character evidence via Facebook messages from Appellant's sister contrary to Pa. Rule of Evidence 608.

2. Whether the trial court committed an error of law in allowing the Commonwealth's cross-examination of Appellant's inquiry, "whether there was any time during the day that you were not breaking the law" which is impermissible bad character evidence that violated the court's limited instruction on admissibility of Appellant's drug selling activity.

3. Whether the trial court committed an error of law in permitting the Commonwealth's closing argument "that Defendant can bring as many lawyers as she wants to feed you bullshit" which violates the Appellant's Sixth Amendment Right to Counsel.

***Anders*** Brief at 1.

The first issue concerns the admission of impeachment evidence. Our standard of review for evidentiary matters is well established:

The admission of evidence is a matter vested within the sound discretion of the trial court, and such a decision shall be reversed only upon a showing that the trial court abused its discretion. In

- 4 -

determining whether evidence should be admitted, the trial court must weigh the relevant and probative value of the evidence against the prejudicial impact of the evidence. Evidence is relevant if it logically tends to establish a material fact in the case or tends to support a reasonable inference regarding a material fact.

*Commonwealth v. Rashid*, 160 A.3d 838, 842 (Pa. Super. 2017), *appeal denied*, 225 EAL 2017, 2017 WL 3393565 (Pa. filed Aug. 8, 2017) (quoting *Commonwealth v. Antidormi*, 84 A.3d 736, 749 (Pa. Super. 2014) (citation omitted)). "An abuse of discretion is not merely an error of judgment; rather, discretion is abused when the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will, as shown by the evidence or the record...." *Commonwealth v. Trinidad*, 96 A.3d 1031, 1036 (Pa. Super. 2014) (citations and quotations omitted).

Appellant's challenge stems from the prosecutor asking Appellant on cross-examination if she would describe herself as a "manipulator." N.T., 9/19/16, at 951. When Appellant answered negatively, the Commonwealth produced the following Facebook message:

> My name is Wandalee Balcacer and I am 25 years old. This is the email I have been using. It is my sister's. Her name is . . ., my number is . . . . I am the ultimate player because I don't play the physical part of things, I play the mental. I am a manipulator of dudes, etc., or in it to win. I am one of the smartest people you will ever meet, but I play dumb. Pick me MTV. Love, Loren.

*Id.* at Commonwealth's Exhibit 53. Defense counsel objected to the Facebook message as an attack on Appellant's character. *Id.* at 951.

- 5 -

Following sidebar arguments, the trial court overruled the objection. *Id.* at 952–954.

In her Pa.R.A.P. 1925(b) statement of errors complained of on appeal, Appellant complained that the trial court violated Pa.R.E. 608 by admitting evidence of Appellant's character for truthfulness or untruthfulness. The trial court rejected Appellant's Rule 608 argument, instead allowing "the questioning pursuant to [Pa.R.E.] 613 which permits a witness to be confronted with a prior inconsistent statement and [Pa.R.E.] 803(25) which governs the admissions of an opposing party." Trial Court Opinion, 6/27/17, at 6. According to the trial court, the Facebook message was relevant given the Commonwealth's theory of the case and Appellant's defense that she was merely present at the shooting. *Id.* at 7. Lastly, the trial court recalled that:

> Appellant flatly denied authoring the statement at issue and in her case in chief, she called a witness who admitted to having posted the comment.[4] (N.T. Trial p. 955–956). Consequently, as the testimony developed, the statement previously attributed to the Appellant became irrelevant.
>
> [4] Defense witness, Anthony Velez AKA [Anthea] Velez was shown the writing, represented to be an e-mail, and the witness unequivocally testified that [s]he authored the e-mail in an effort to present the Appellant for consideration on MTV's "The Real World" television program. (N.T. Trial p. 1002)

Trial Court Opinion, 6/27/17, at 7.

Upon review, we discern no abuse of discretion in the trial court's ruling. The Facebook message was relevant to support the Commonwealth's

- 6 -

theory of complicity and to undermine Appellant's defense. The Commonwealth's evidence suggested that "Appellant persuaded her co-defendant, Tony Edwards to attempt to kill Sherry Ann Rivera and Izhar Ramirez over a drug debt owed to Appellant by Ms. Rivera." Trial Court Opinion, 6/27/17, at 7. Contrarily, a defense witness testified that Appellant was "in over her head" and that "Appellant's co-defendant, Tony Edwards, spontaneously robbed and shot the victims as Appellant was requesting the return of her money or drugs." *Id.*; N.T., 9/19/16, at 792, 821–822.

Moreover, the record confirms Appellant's denial of authorship. After directing Appellant to read the Facebook message into the record, the prosecutor asked her, "So you -- you would admit you describe yourself in this correspondence as a manipulator?" *Id.* at 955. Appellant responded, "I wouldn't admit anything because I didn't write that." *Id.* at 956. When defense counsel questioned Appellant's witness, Anthea Velez, about the Facebook message, the witness admitted that she "wrote those words on that email" in order to convince MTV that Appellant should be on their show. *Id.* at 1002. In light of this record, we agree with Appellant's counsel that admission of the Facebook message "did not result in any prejudice to the Appellant." *Anders* Brief at 6.

The next issue presented is also an evidentiary challenge. The trial court set forth the backdrop of this claim as follows:

> [Appellant] next alleges that we erred by "allowing the Commonwealth's cross-examination of [Appellant] inquiring

- 7 -

'whether there was any time during the day when you weren't breaking the law' which is impermissible bad character evidence that violated the court's limiting instruction on admissibility of [Appellant's] drug selling activity."

On cross-exam Appellant was indeed asked "Is there an hour in [the] day where you didn't deal drugs or commit a crime?" (N.T. Trial p. 948)  Appellant responded to the inquiry but no objection was made.

Trial Court Opinion, 6/27/17, at 8.

The trial court and appellate counsel advise that this issue is waived because defense counsel made no objection to the prosecutor's question. Trial Court Opinion, 6/27/17, at 8; **Anders** Brief at 7.  The record supports their position.  N.T., 9/19/16, at 948.  Accordingly, we agree that this issue is waived.  **See Commonwealth v. Sauers**, 159 A.3d 1, 9 (Pa. Super. 2017) (stating that the failure to offer a timely and specific objection results in waiver of the claim).

The third issue presented concerns the prosecutor's closing argument. Specifically, the Commonwealth told the jury, "You could have a thousand lawyers come in here to feed you any line of bull −−."  N.T., 9/19/16, at 1122.  Defense counsel promptly objected to the comment as "improper," and the trial court sustained the objection.  **Id.**  At the end of the prosecutor's closing argument, defense counsel moved for a mistrial, arguing that the prosecutor's comment impinged upon Appellant's right to counsel. **Id.** at 1124.  Following sidebar arguments, the trial court denied the motion and issued a cautionary instruction.  **Id.** at 1127.

Upon review, we dispose of this issue by adopting the trial court's well-reasoned analysis:

The [c]ourt instructed the jury at the outset of the trial as to what they are to consider as evidence. Particularly, after the jury panel was selected, the [c]ourt in the course of giving the jurors prefatory instructions stated, "Statements made by counsel do not constitute evidence. The questions which counsel put to witnesses are not, themselves, evidence." (N.T. Trial p. 168–169) We reiterated this just prior to counsels' opening statements noting that "The opening statements, as with any other statement made by counsel, do not constitute evidence . . ." (N.T. Trial p. 174) The [c]ourt again so instructed the jury at the conclusion of the trial. (N.T. Trial p. 1160) The jury is presumed to follow the Court's instructions. Commonwealth v. Reid, 627 Pa. 151, 202, 99 A.3d 470, 501 (2014) citing Commonwealth v. Travaglia, 611 Pa. 481, 28 A.3d 868 (2011). The Appellant offers no argument or evidence that the jury disregarded the Court's instructions. Thus, [Appellant's] allegation of error is meritless.

More importantly, our examination of the record further reveals that Appellant's counsel objected to the offending remark and we sustained the objection. (N.T. Trial p. 1122) Appellant's counsel developed his objection further and moved for a mistrial which we denied. (N.T. Trial p. 1124–1125)

The decision to declare a mistrial is within the sound discretion of the trial court. Commonwealth v. Montgomery, 626 A.2d 109 (Pa. 2009). A mistrial is an extreme remedy that may be granted only when an incident is of such a nature that its unavoidable effect is to deprive the defendant of a fair trial. Commonwealth v. Manley, 985 A.2d 256 (Pa. Super. 2009). After the jury is exposed to unfairly prejudicial evidence the trial court may implement any appropriate remedy, including offering a remedial instruction or declaring a mistrial. Commonwealth v. Sanchez, 36 A.3d 24, 47–48 (Pa. 2011).

Appellant's counsel made [a] motion for a mistrial shortly after we sustained his objection to the prosecutor's objectionable comment and he requested a limiting or cautionary instruction. We denied his motion for a mistrial and promptly gave the jury the following cautionary instruction:

- 9 -

"Ladies and gentlemen of the jury, I just want to caution you, as I have a number of times and you're going to hear later on in my closing instructions, that, once again, you just hearing closing arguments. Those are arguments of counsel. Those arguments are not evidence, and you are not to consider them as such. And I am asking you to disregard the comment that was made by the Commonwealth's counsel about, Miss Balcacer's attorney being bull, or something along those lines. I'd just ask that that be stricken and disregarded by you." (N.T. Trial p. 1127).

Plainly, the offending argument of counsel did not so prejudice the Appellant that she is entitled to a new trial. We did not condone the objectionable argument of the prosecutor and we sustained counsel's objection, gave a cautionary instruction, and directed the comment be stricken. Appellant's final allegation of error is without merit. . . .

Trial Court Opinion, 6/27/17, at 9–10.

Finally, we have independently reviewed the record in order to determine if appellate counsel's assessment about the frivolous nature of the present appeal is correct. *See Commonwealth v. Flowers*, 113 A.3d 1246, 1250 (Pa. Super. 2015) (after determining that counsel has satisfied the technical requirements of *Anders* and *Santiago*, this Court must conduct an independent review of the record to determine if there are additional, non-frivolous issues overlooked by counsel). We conclude that an appeal in this matter is frivolous. Accordingly, we grant appellate counsel permission to withdraw and affirm the judgment of sentence.

Application to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/20/2017