J-S01024-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| DAVID ALLEN CAFFAS | : | |
| Appellant | : | No. 276 MDA 2017 |

Appeal from the PCRA Order January 11, 2017
In the Court of Common Pleas of Perry County Criminal Division at No(s):
CP-50-CR-0000445-2009,
CP-50-CR-0000515-2009

BEFORE:  GANTMAN, P.J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MURRAY, J.:                **FILED FEBRUARY 05, 2018**

David Allen Caffas ("Appellant") appeals *pro se* from the order dismissing his second petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

We summarize the relevant facts and procedural history of this case as follows.  On August 24, 2010, a jury found Appellant guilty of manufacturing a controlled substance, simple assault, aggravated assault, recklessly endangering another person, and involuntary manslaughter.[1]  On October 8, 2010, the trial court sentenced Appellant to 18 to 60 months of incarceration for aggravated assault, 24 to 60 months of incarceration for involuntary

_____

[1]  35 P.S. § 780-113(a)(30); 18 Pa.C.S.A. §§ 2701(a)(2), 2702(a)(4), 2705, 2504(b).

manslaughter, and five to ten years of incarceration for manufacturing a controlled substance (an aggregate sentence of 8.5 to 20 years of incarceration).

This Court affirmed Appellant's direct appeal except as to his sentence for manufacturing a controlled substance. This Court held that his manufacturing of a controlled substance sentence was subject to a five-year, not a ten-year, maximum, and that the trial court should have sentenced him to a flat five years for that offense. *See Commonwealth v. Caffas*, 1214 MDA 2011 at 7-8 (Pa. Super. Apr. 3, 2012) (unpublished memorandum). On August 8, 2012, the trial court resentenced Appellant on the manufacturing of a controlled substance charge to a flat five-year sentence. Appellant did not pursue any further direct appeal.

On January 29, 2013, Appellant filed his first PCRA petition (counseled), which the PCRA court denied on September 10, 2013. Appellant appealed the denial of his first PCRA petition, which this Court quashed on November 5, 2014. On July 21, 2015, Appellant filed the instant PCRA petition, his second, *pro se*. On October 29, 2015, the PCRA court filed a Rule 907 notice of its intent to dismiss Appellant's second PCRA petition on the basis that his claims were either meritless, previously litigated, or could have been raised at trial, on direct appeal or in a prior PCRA proceeding. On January 11, 2017, after Appellant failed to respond to

its Rule 907 notice, the PCRA court formally dismissed his second PCRA petition.

On January 27, 2017, Appellant filed a timely *pro se* notice of appeal. On February 7, 2017, the PCRA court ordered Appellant to file a concise statement of the errors complained of on appeal pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure. On February 24, 2017, Appellant filed his timely Rule 1925(b) statement.

On appeal, he raises the following issues for our review:

> 1. Layered Claim, whether trial counsel was ineffective for denying [Appellant] his Sixth Amendment right to confrontation, whether appellate counsel was ineffective for failing to raise and argue a meritorious issue.
>
> 2. Layered Claim, whether trial counsel was ineffective for failing to challenge/investigate missing [d]iscovery evidence in violation of ***Brady v. Maryland***, whether appellate counsel was ineffective for failing to raise and argue a meritorious issue.
>
> 3. Layered Claim, whether trial counsel was ineffective for failing to introduce victim's toxicology report at trial, whether appellate counsel inadequately argued issue, as stated by the Superior Court.
>
> 4. Whether [Appellant] is serving multiple illegal/unconstitutional sentences facially invalidated pursuant to ***Alleyne***, ***Fennel***, and ***Chatelain***, whether appellate counsel was ineffective for failing to raise by amended petition to include issue on [Appellant's] first PCRA.
>
> 5. Layered Claim, whether trial counsel was ineffective for failing to discover/argue/preserve multiple instances of prosecutorial misconduct and

the court's manifest abuse of discretion, whether appellate counsel was ineffective for filing to raise and argue a meritorious issue.

6. Layered Claim, whether trial counsel was ineffective fo[r] failing to discover/raise/preserve the court's manifest abuse of discretion by the trial judge.

7. Layered Claim, whether trial counsel was ineffective for failing to quash information's [m]otion to [d]ismiss pre-trial, and for failing to challenge as to the weight/sufficiency of evidence each charge at multiple states of the judicial proceedings, whether appellate counsel was ineffective for failing to raise and argue a meritorious issue.

8. Layered Claim, whether trial counsel was ineffective for failing to (a) challenge the inclusion of deadly force in the jury instructions, (B) counsel failed to clarify jury instructions on deadly/non-deadly force, and (c) counsel failed to assert deadly/non-deadly force within the verdict slip, and/or procure from jury foreman re: jury's decision re: deadly/non-deadly force, whether appellate counsel was ineffective for failing to raise and argue a meritorious issue.

9. Layered Claim whether public defender and trial counsel were ineffective for failing to argue/preserve pre-trial, and at trial a recorded phone message, and whether trial counsel was ineffective for failing to (a) conduct a pre-trial investigation of said discovery evidence/missing evidence (b) failed to interview any witness[es] at all "pre-trial" (c) failed to compel to testify at trial, by sub[poena], relevant witnesses, whether appellate counsel was ineffective for failing to raise, and argue a merit[or]ious issue.

10. Layered Claim, whether trial counsel was ineffective for failing to (a) effectively [cross-examine] Commonwealth witnesses or to rebut any such witness on perjured/incons[istent] testimony at trial, and false/incons[istent] statements to law

enforcement, (b) counsel failed to effectively examine [Appellant] at trial, on direct and redirect, (c) counsel failed to introduce at trial "in his posses[s]ion" evidence relevant to [Appellant's] self-defense claim, whether appellate counsel was ineffective in part for failing to raise and argue a merit[or]ious issue, and in part for failing to adequately argue and advance a merit[or]ious issue.

11. Withdrawn.

12. Layered Claim, [whether] trial counsel was ineffective for failing to oppose a motion to consolidate charges against [Appellant], whether appellate counsel was ineffective for failing to adequately argue a meritious issue.

Appellant's Brief at XI-XIV.

Prior to determining the merits of Appellant's claims, we must determine whether we have jurisdiction to decide his appeal. "Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition." **Commonwealth v. Monaco**, 996 A.2d 1076, 1079 (Pa. Super. 2010) (quoting **Commonwealth v. Robinson**, 837 A.2d 1157, 1161 (Pa. 2003)). A petitioner must file a PCRA petition within one year of the date on which the petitioner's judgment became final, unless one of the three statutory exceptions apply:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1). A petitioner must file a petition invoking one of these exceptions "within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). If a petition is untimely, and the petitioner has not pled and proven any exception, "'neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims.'" **Commonwealth v. Derrickson**, 923 A.2d 466, 468 (Pa. Super. 2007) (quoting **Commonwealth v. Chester**, 895 A.2d 520, 522 (Pa. 2006)).

In this case, the Commonwealth filed a motion to dismiss this appeal on the basis that Appellant's instant PCRA petition is, *inter alia*, untimely. Given that Appellant pursued no further direct appeal following his August 8, 2012 resentencing, his second PCRA petition is facially untimely and he does not contest this determination. Accordingly, we are without jurisdiction to decide Appellant's appeal unless he pled and proved one of the three timeliness exceptions of section 9545(b)(1). **See id.**

Here, Appellant did not attempt to plead or prove any of the timeliness exceptions of section 9545(b)(1) in his PCRA petition. **See** PCRA Petition, 7/21/15. While Appellant does baldly state that his petition satisfies each of the "exceptional circumstances" of Section 9545(b)(1) on the cover page of

his PCRA petition, the remainder of his petition offers no further reference to or discussion of the timeliness exceptions to the PCRA's time restriction. **See id.** at I. Appellant also cryptically attempts to raise the timeliness exceptions of Section 9545(b)(1)(i) and (ii) in the "Order or Other Determination in Question" portion of his appellate brief. Appellant's Brief at X. He raises these arguments, however, for the first time on appeal and therefore, has waived them. **See** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). As Appellant has failed to plead and prove an exception under section 9545(b)(1), we are without jurisdiction to address the merits of his appeal.[2] **See Derrickson**, 923 A.2d at 468.

Order affirmed.[3]

_____

[2] Although the PCRA court addressed the merits of Appellant's PCRA petition, we affirm that decision on jurisdictional grounds. "To the extent our legal reasoning differs from the [PCRA] court's, we note that as an appellate court, we may affirm on any legal basis supported by the certified record." **Commonwealth v. Sauers**, 159 A.3d 1, 7 n.4 (Pa. Super. 2017), **appeal denied**, 170 A.3d 1057 (Pa. 2017) (quoting **Commonwealth v. Williams**, 125 A.3d 425, 433 n.8 (Pa. Super. 2015)).

[3] Because we affirm the PCRA court's dismissal of Appellant's second PCRA petition, the Commonwealth's motion to dismiss is denied as moot.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 02/05/2018