J-S24011-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| KYLE J. STEVENS | : | |
| | : | |
| Appellant | : | No. 1078 MDA 2017 |

Appeal from the Judgment of Sentence January 24, 2017
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s):  CP-35-CR-0001694-2013

BEFORE:  OLSON, J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY OLSON, J.:                **FILED AUGUST 24, 2018**

Appellant, Kyle J. Stevens, appeals from the judgment of sentence entered on January 24, 2017, as made final by the denial of post-sentence motions on June 30, 2017.  We affirm.

The factual background and procedural history of this case are as follows.  On July 1, 2013, Appellant was arrested following a criminal complaint filed the same day charging Appellant with three counts of sexual abuse of children (dissemination),[1] twenty counts of sexual abuse of children (possession),[2] and one count of criminal use of a communication facility.[3]  The Commonwealth formalized the charges by filing a criminal information on

_____

[1]  18 Pa.C.S.A. § 6312(c).

[2]  18 Pa.C.S.A. § 6312(d).

[3]  18 Pa.C.S.A. § 7512(a).

September 16, 2013. Appellant's charges stemmed from an investigation by the Office of the Attorney General's (OAG's) Internet Crimes Against Children (ICAC) Task Force, which operates under the OAG's Child Predator Unit. The ICAC Task Force uses proprietary software which locates the Internet Provider (I.P.) addresses of persons who download and share child pornography using the Ares peer to peer (P2P) file sharing program. From March 10, 2013 to March 11, 2013, Agent Nicole L. Laudeman identified and downloaded three child pornography videos from an I.P. address registered to and paid for by Appellant.[4]

Agents began surveillance on the home registered to the I.P. address, and determined Appellant had moved. Agent Laudeman obtained a search warrant for Appellant's new address, and executed it on July 1, 2013. After seizing several electronic items during this initial search, the agents spoke with Appellant at the Dunmore Police Department. Agent Laudeman testified that Appellant admitted to using the Ares program, and that he stated he was the only person in the home with access to the Ares program. *Id.* at 69. She also testified Appellant told her he was in the process of moving and had many of his personal items still in his vehicle.[5] *Id.* Agent Laudeman then obtained

---

[4] Using the American Registry of Internet Numbers (ARIN), Agent Laudeman traced I.P. address 174.60.188.171 to its service provider Comcast, and obtained Appellant's subscriber information (name and address) from Comcast through a court order issued by the Dauphin County Court of Common Pleas. N.T., 10/11/16, at 52-55.

[5] Appellant owned a black 2006 Ford Explorer.

a search warrant for his vehicle and recovered 13 electronic items, one of which was a Kingston hard drive containing 23 child pornography videos.

On October 23, 2013, Appellant pled guilty to ten counts of sexual abuse of children (possession); however, he withdrew his plea on May 18, 2015. Before trial began on October 11, 2016, Appellant sought to prevent the Commonwealth from playing at trial the 23 child pornography videos collected as evidence against Appellant, particularly a video which contained the sound of a child crying. Appellant argued they were overly prejudicial and cumulative in light of Appellant's stipulation that the videos contained child pornography. After previewing the three videos Agent Laudeman downloaded, the court allowed the Commonwealth to play short clips of them at trial. The court also ruled it would determine the relative probative-prejudicial value of playing the remaining videos during trial, and that the parties could determine themselves if stipulation would be sufficient to prevent playing any or all of the remaining videos. During trial, Appellant again objected to the playing of the videos and stipulated to their content to prevent playback; however, the trial court allowed the Commonwealth to play short clips of all 23 videos.

A jury convicted Appellant of all 24 counts (three counts of disseminating child pornography, 20 counts of possessing child pornography, and one count of criminal use of a communications facility) on October 12, 2016. On January 24, 2017, Appellant was sentenced to 30 to 60 months in prison followed by 45 years of special probation. Appellant filed timely post-

sentence motions on February 3, 2017, which were denied by the trial court on June 30, 2017.[6]  This appeal followed.[7]

Appellant presents three issues for our review:

1. Was the evidence at trial [] insufficient as a matter of law to establish [] Appellant's guilt beyond a reasonable doubt[?]

2. Did the trial court err in permitting the Commonwealth to play Commonwealth Exhibit #2, Video #3 with sound, [] where the sound was irrelevant to the charges and possessed no probative value rendering it inadmissible [] and [unfairly prejudicial] under Pa.R.E. 401 and 403?

3. Did the trial court err in permitting the Commonwealth to play all videos, though limited in length, to establish the charges of dissemination and possession, where the videos were inherently inflammatory and [cumulative; therefore,] the danger of prejudice outweighed the probative value where [] Appellant stipulated that each video contained child pornography?

Appellant's Brief at 3.

Appellant first argues that the evidence against him was insufficient to prove his guilt beyond a reasonable doubt.  More specifically, Appellant argues the Commonwealth did not present sufficient evidence to prove that he perpetrated the crimes with which he was charged.  We disagree.

_____

[6]  Appellant filed a motion for extension of time for the court to decide post-sentence motions on May 25, 2017, which was granted on June 5, 2017.

[7]  Appellant filed his notice of appeal on July 5, 2017.  The trial court ordered Appellant to file a concise statement of errors complained of on appeal on July 11, 2017, which he did on July 31, 2017.  **See** Pa.R.A.P. 1925(b).  The trial court filed its opinion on September 12, 2017.  **See** Pa.R.A.P. 1925(a).

The standard of review regarding claims of insufficiency of the evidence is well established:

> The standard we apply in reviewing the sufficiency of the evidence is whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for that of the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Sauers***, 159 A.3d 1, 11 (Pa. Super. 2017) (citation omitted).

In his case, Appellant was charged with sexual abuse of children (dissemination),[8] sexual abuse of children (possession),[9] and criminal use of a communication facility.[10] Appellant does not challenge the specific elements of any of these offenses, but rather challenges, in several ways, that the Commonwealth failed to identify Appellant as the offender.

Appellant's first contention is that since the Commonwealth's software only identified Appellant's I.P. address, and there was no evidence that

---

[8] 18 Pa.C.S.A. § 6312(c) states:

> Any person who knowingly sells, distributes, delivers, disseminates, transfers, displays or exhibits to others, or who possesses for the purpose of sale, distribution, delivery, dissemination, transfer, display or exhibition to others, any book, magazine, pamphlet, slide, photograph, film, videotape, computer depiction or other material depicting a child under the age of 18 years engaging in a prohibited sexual act or in the simulation of such act commits an offense.

[9] 18 Pa.C.S.A. § 6312(d) states:

> Any person who intentionally views or knowingly possesses or controls any book, magazine, pamphlet, slide, photograph, film, videotape, computer depiction or other material depicting a child under the age of 18 years engaging in a prohibited sexual act or in the simulation of such act commits an offense.

[10] 18 Pa.C.S.A. § 7512(a) states:

> A person commits a felony of the third degree if that person uses a communication facility to commit, cause or facilitate the commission or the attempt thereof of any crime which constitutes a felony under this title or under the act of April 14, 1972 (P.L. 233, No. 64), known as The Controlled Substance, Drug, Device and Cosmetic Act. Every instance where the communication facility is utilized constitutes a separate offense under this section.

Appellant's wifi account was password protected at the time the downloads were made, the Commonwealth could not prove it was not someone else using Appellant's wifi account to share child pornography. Appellant argues that it could have been a neighbor or a stranger close to Appellant's home, or that someone else in the house, a friend or a relative, could have been using Appellant's wifi on their own device. Furthermore, Appellant argues that even if it were his computer which shared the videos, the Commonwealth could not prove he was the person using the computer at the time.

Appellant's arguments are without merit since the Commonwealth is not required to disprove any of these scenarios to meet its burden of proof. The Commonwealth can meet its burden by wholly circumstantial evidence and is not required to disprove every possibility of innocence. When viewed in the light most favorable to the Commonwealth, and considering all of the evidence in the record, the Commonwealth presented sufficient circumstantial evidence to enable the trier of fact to find Appellant guilty of disseminating child pornography. The evidence adduced at trial by the Commonwealth was not so weak and inconclusive that it did not permit the trier of fact to infer that Appellant committed the charged offenses. First, the wifi account was registered to and paid for by Appellant and the computer in the home also belonged to Appellant. Second, the Commonwealth, while not finding complete versions of the videos, found partial versions indicating Appellant had attempted to download them. Third, the Commonwealth discovered

additional child pornography videos on electronic devices owned and controlled by Appellant. Most importantly, however, the videos were downloaded by someone who used the Ares software program on Appellant's wifi account and Appellant admitted that he was the only person with access to Ares on his computer.

Appellant also contends that the Commonwealth did not meet its burden as to the possession charges for the same reasons mentioned above. Here, however, Appellant adds that someone could have hacked into his computer without his knowledge and stored the material on his devices. While it is theoretically possible that someone could have hacked Appellant's computer, and there was a domain account on his computer which could allow such access, Appellant's arguments here are similarly without merit. Appellant points to the hard drive's multiple user accounts (none of which were named "Kyle"[11]), and to the domain account, to show someone else could have used his computer. Appellant also argues that the creation of over 82 different user accounts, as well as the presence of the aforementioned domain account, suggest the computer could have been hacked. Finally, Appellant points to the fact that the videos were recovered from recycle bins located on unnamed and deleted user accounts (although one was traced to a folder named "Kyle

---

[11] One was named "Ky."

videos"), to demonstrate the Commonwealth failed to prove Appellant was the user who downloaded the videos.

Leaving aside Appellant's admissions and his physical possession of devices that contained child pornography, the Commonwealth's forensic evidence alone was sufficient to allow the jury to infer Appellant's guilt from the combined circumstances. Agent Robert Soop, who conducted the Commonwealth's forensic examination, testified that persons who perpetrate child pornography crimes often delete and re-download videos and P2P software programs thereby leaving behind evidence similar to that recovered in this case. N.T., 10/12/17, at 45-47. Agent Soop discovered two previous Ares downloads with titles strongly suggestive of child pornography, one of which had been located in user "Kyle's" shared folder. *Id.* at 27-28. He also generated a list of 40 previous Ares searches, most of which employed terms commonly used by persons searching for child pornography. *Id.* at 29-31. He was able to recover 40 additional partially downloaded[12] child pornography videos, as well as a 45-50 page event log detailing failed attempts to watch child pornography, both from Appellant's hard drive. *Id.* at 47-53. Furthermore, he testified that he found incomplete versions of the three downloaded videos which had originally been located in a folder named "Kyle

---

[12] Partial downloads are videos which are not completely playable. They are fragments of complete downloads. In this case, they were located in the "unallocated space," which means they were sent to the recycle bin and deleted from there.

videos" and that he discovered the user profile "Kyle" was deleted from the hard drive. **Id.** at 53-55. Finally, he testified that the presence of 82 different user accounts is equally suggestive of single and multiple users. **Id.** at 73-74. For these reasons, we conclude that the evidence was sufficient to establish that Appellant perpetrated the charged offenses and, therefore, that Appellant is not entitled to relief on his sufficiency challenge.

Appellant's second and third issues both concern the admissibility of the 23 videos the Commonwealth played during trial. Appellant first argues that the probative value of the videos was clearly outweighed by their prejudicial effect, particularly since Appellant stipulated that they contained child pornography. Appellant also argues that playing all 23 videos was needlessly cumulative. Finally, Appellant argues that the sound of a child crying in one of the videos was irrelevant to the charges against Appellant, as sound is not an element of any of the offenses, making it wholly prejudicial.

We review the admission of evidence on an abuse of discretion standard. **Commonwealth v. Flamer**, 53 A.3d 82, 86 (Pa. Super. 2012). Also, we will reverse the trial court's decision only if the error can be proven beyond a reasonable doubt to have contributed to the verdict. **Commonwealth v. Konias**, 136 A.3d 1014, 1022 (Pa. Super. 2016).

Determining the admissibility of evidence is based on its relevance and probative value. **Sauers**, 159 A.3d at 6. Evidence is relevant if it logically tends to establish a material fact in the case, tends to make a fact at issue

more or less probable, or supports a reasonable inference or presumption regarding a material fact. *Id.*; *see* Pa.R.E. 401. "Once evidence is found to be relevant, it will be inadmissible only if its probative value is substantially outweighed by the danger of unfair prejudice or confusion." *Id.*; *see* Pa.R.E. 403 (evidence may be excluded "if its probative value is outweighed by a danger of unfair prejudice"). Commentary to Rule 403 defines unfair prejudice as, "a tendency to suggest decision on an improper basis or to divert the jury's attention away from its duty of weighing the evidence impartially." Pa.R.E. 403, cmt.

Since Appellant's claims address both the relevance and prejudice of the videos, we will address their relevance first, and then turn to whether or not the evidence was unfairly prejudicial and cumulative.

Appellant argues the trial court admitted irrelevant evidence when it allowed the Commonwealth to play the sound of a child crying in one of the videos. This claim is based upon Appellant's construction of 18 Pa.C.S.A. § 6312(d) and, specifically, the word "depict" as it is used in defining the offense of possessing child pornography. Appellant reasons that the plain-meaning of the word "depict" relates exclusively to visual images which, in turn, restricts the scope of admissible evidence to visual mediums exclusively. *See* Appellant's Reply Brief. Appellant contends that sound can only depict something through spoken words in narrative form. Appellant's Reply Brief at 2. Therefore, by playing the sound of a child crying, the

Commonwealth introduced irrelevant evidence, which served to unfairly prejudice Appellant. We disagree.

An evaluation of § 6312's language reveals that media which contain sound fall within the scope of the statute. Among other things, the statute proscribes dissemination and possession of child pornography through various media which in some, but not all cases, feature sound, including: film, videotape, and computer depiction. In view of these enumerated media, which include audio depictions, the statute cannot be interpreted to refer only to silent films or videotapes. In this case, evidence that Appellant possessed and disseminated materials which contained child pornography is clearly relevant and material to establishing Appellant violation of § 6312. Since the videos introduced at Appellant's trial fell within the types of media prohibited by the language of the statute, they are presumptively admissible to prove guilt. Thus playing them, with or without sound, served to establish a material fact and was entirely relevant to these proceedings.

We now turn to whether or not playing all 23 videos unfairly prejudiced Appellant. Appellant first argues that since he stipulated to the content of the videos, their probative value decreased to such an extent that playing any of them constituted unfair prejudice. First, our Supreme Court has established that the Commonwealth may present all material and relevant evidence to prove its case, and does not have to accept the accused stipulations. ***Commonwealth v. Jemison***, 98 A.3d 1254, 1257 (Pa. 2014) (citation

omitted). Since the Commonwealth was under no obligation to accept Appellant's stipulation, the evidence must be evaluated without consideration of the stipulation. After viewing the evidence from this perspective, we do not agree that the trial court abused its discretion by allowing the Commonwealth to play any or all of the videos during trial.

In this case, the trial court followed clear precedent set forth by this Court in **Sauers** for presenting such evidence to the jury. In **Sauers**, the trial court previewed the evidence, applied a prejudice-versus-probative value balancing analysis, set parameters for publication of the evidence to the jury, and enforced those parameters at trial. **Sauers,** 159 at 8. A review of the record indicates that is also what the trial court did in this case. N.T., 10/11/16, at 4-19, 47-52; N.T., 10/12/16, at 33-43. Furthermore, the trial court greatly mitigated any possibility of unfair prejudice by instructing the jury to not allow the videos to stir their emotions and prejudice Appellant. N.T., 10/12/16, at 196; **See Jemison**, 98 A.3d at 1262-63 ("Any possibility of unfair prejudice is greatly mitigated by the use of proper cautionary instructions to the jury. . ."). There is no doubt that introducing these videos at trial prejudiced Appellant, but that is not our standard. The issue is whether or not they were unfairly prejudicial. The trial court is not "required to sanitize the trial to eliminate all unpleasant facts from the jury's consideration where those facts are relevant to the issues at hand and form part of the history and natural development of the events and offenses for which the defendant is

charged." ***Commonwealth v. Hairston***, 84 A.3d 657, 666 (Pa. 2014) (citation omitted).

Appellant's final argument is that playing all 23 of the videos was cumulative, and thus unfairly prejudicial. After review of the record, we conclude that Appellant did not offer a timely and specific objection to the cumulative nature of the videos and, thus, he has waived his claim. ***See Commonwealth v. Guilford***, 861 A.2d 365, 670 (Pa. Super. 2004) (to preserve an issue for review, a party must make a timely and specific objection at trial) (citation omitted). Even if Appellant had not waived this claim, we could not conclude that the trial court abused its discretion by admitting the videos. Each independent video disseminated or possessed by Appellant represents a separate, independent crime under 18 Pa.C.S.A. § 6312. ***See Commonwealth v. Jarowecki***, 985 A.2d 955, 961 n. 10 (Pa. 2009). The Commonwealth carries the burden of proof regarding each offense, and must then be allowed to present evidence related to each individual offense. The Commonwealth played 23 videos at trial, one for each of the 3 dissemination and 20 possessory charges. Hence, the trial court did not permit the Commonwealth to introduce cumulative evidence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>08/24/2018</u>